**Salem**

STEVEN WAYNE JENKINS

v.

COMMONWEALTH OF VIRGINIA

No. 1268-90-3

Decided December 17, 1991

G. Edgar Dawson, III (Petty, Livington & Dawson, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BRAY, J.**—Steven Wayne Jenkins (defendant) was convicted in a jury trial of possession of cocaine with intent to distribute and sentenced by the trial court in accordance with the verdict to ten years imprisonment and fined $10,000. He appeals from an additional order of the trial court which confiscated $870 of defendant's funds. Defendant complains that this action constituted an unlawful forfeiture. We agree and reverse the trial court.

At the time of defendant's arrest, police removed and seized $870 from his pockets. Immediately following a hearing and the court's rulings on defendant's several post-verdict motions, the Commonwealth moved the court to forfeit these funds "to pay for the fines and costs." Defendant objected on substantive rather than procedural grounds, complaining that the Commonwealth had failed to establish a sufficient nexus between the money and defendant's criminal activity.

Argument was heard on the issue and the trial court determined "to forfeit the money to the Commonwealth," to "be applied to court costs and fine." An order prepared by the Commonwealth

was then entered, spread on the court's "Criminal Law Book" and lodged in its file of these proceedings. Without actually declaring a forfeiture, this order simply directed "the Lynchburg Police Department" to "pay over the sum of $870 which it holds in the name of Steve Jenkins to the Clerk" of the trial court "as partial payment upon Mr. Jenkins' fines and costs in this case."

■ It is uncontroverted that the police initially seized defendant's money pursuant to the provisions of Code § 18.2-249. Property subject to "lawful seizure" under this statute expressly includes "money . . . used in substantial connection with the illegal . . . sale or distribution of controlled substances." Code § 18.2-249(A)(i). All such "seizures and forfeitures" are expressly "governed by the procedures contained in Chapter 22.1 of Title 19.2." Code § 18.2-249(B) and Code §§ 19.2-386.1 through 19.2-386.14, the referenced statutes, specify, in detail, the proper steps in "[a]n action against any property subject to seizure under the provisions of Code § 18.2-249."

■ It is well established that forfeiture is appropriate to afford the Commonwealth relief against " 'property employed in defiance of the laws of the State.' " *Commonwealth v. Lincoln Automobile*, 212 Va. 597, 598, 186 S.E.2d 279, 280 (1972).[1] Forfeiture is, however, not a criminal proceeding but a "civil" action against "res" unlawfully employed by its owner or other person.[2] *Id.* at 599, 186 S.E.2d at 281. Although related to criminal activity, forfeiture is neither "penalty" nor "punishment" for an offense and remains entirely separate and distinct from a prosecution of its owner or other individual. *Id.* at 599-600, 186 S.E.2d at 281.

■ The language of Code §§ 18.2-249 and 19.2-386.1 through 19.2-386.14, the controlling statutes, is "plain, unambiguous, and mandatory." *Haina v. Commonwealth*, 235 Va. 571, 575, 369 S.E.2d 401, 404 (1988).[3] The subject matter jurisdiction necessary to forfeiture is conferred upon the trial court only through these several statutes and the court's authority is dependent upon

---

[1] Although this case related to forfeiture pursuant to another statute, the principles are applicable here.

[2] *See* Attorney General's opinion to the Honorable Charles W. Jackson (August 27, 1991).

[3] This case was decided under the predecessor to Code § 18.2-249 and prior to enactment of Code §§ 19.2-386.1, *et seq.*

scrupulous adherence to their provisions. *Id*. at 575-76, 369 S.E.2d at 404.

The order of the trial court confiscating and appropriating defendant's funds as an incidence of his criminal prosecution did not comply with statutory procedure. Most significantly, the court did not act pursuant to an "information," with attendant rights, including notice right of trial "independent of any criminal proceeding." Code § 19.2-386.10; *see* Code §§ 19.2-386.1, 386.3 and 386.9. Nevertheless, the Commonwealth contends that defendant's failure to raise the procedural argument before the trial judge and to sufficiently identify the offending order in his notice of appeal now precludes consideration of this issue. Rule 5A:6, Rule 5A:18. We are also reminded that this Court has only limited jurisdiction in civil matters and that statutory forfeiture procedures provide for appellate review only in the Supreme Court of Virginia. Code §§ 17-116.05, 17-116.05:1, and 19.2-386.13.

Assuming, without deciding, that defendant's objections before the trial court failed to address the relevant procedural deficiencies, we have previously held that "objections to subject-matter jurisdiction may be raised at any time and are not waivable." *Owusu v. Commonwealth*, 11 Va. App. 671, 672, 401 S.E.2d 431, 431 (1991); *see* Rule 5A:18. The Commonwealth's jurisdictional argument ignores that this appeal arises from the disposition of a criminal case, a matter clearly within our jurisdiction. If this Court were to now decline jurisdiction, defendant, with no civil disposition to appeal elsewhere, would have no remedy.

Accordingly, for the reasons stated, the order of forfeiture is reversed.[4]

*Reversed and final judgment.*

Barrow, J., and Elder, J., concurred.

---

[4] Further disposition of the property by the trial court in accordance with statute is expressly not precluded by this opinion.