## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

$889.58

June 16, 1993

Case No. 8043

BY JUDGE J. MICHAEL GAMBLE

Harry Wayne Adcock has moved to dismiss the above seizure proceeding. Mr. Adcock makes this motion on the basis of § 19.2-386.3 of the Code of Virginia where it is required that the seizing agency "forthwith" notify the Attorney for the Commonwealth of the seizure and the Attorney for the Commonwealth file Notice of Seizure with the Clerk of the Circuit Court within twenty-one days of being so notified.

In this case, Mr. Adcock was arrested for possession of contraband drugs with intent to distribute on October 7, 1992. At that time, the members of the Regional Task Force seized, among other things, the money which is in dispute in this case. The Commonwealth's Attorney of Amherst County filed Notice of Seizure under § 19.2-386.1 on November 3, 1992. Mr. Adcock, through his counsel, maintains that this is more than twenty-one days after the seizure on October 7, 1992.

The Commonwealth's Attorney maintains that the asset seizure pursuant to § 18.2-249 and § 19.2-386.1 *et seq.* is a separate proceeding from the seizure for purposes of evidence in the criminal case. The Commonwealth's Attorney offered as Commonwealth Exhibit # 1 an "Asset Seizure Reporting Form" dated October 13, 1992, that was furnished by his office. This form was executed by Sheriff Cox, the Sheriff of Amherst County. Thus, Mr. Meeks maintains that the Sheriff's Office notified his office forthwith of the seizure and that the seizure occurred within twenty-one days after notice of seizure on October 13, 1992.

First, the Court finds that the Amherst County Sheriff's Office did forthwith notify the Attorney for the Commonwealth. The Regional Task Force arrested Harry Wayne Adcock and took possession of the property on October 7, 1992. Six days later, the Asset Seizure Reporting Form was signed by the Sheriff and given to the Commonwealth's Attorney. The Court finds that as a matter of law, this satisfies the forthwith requirement.

The real issue is whether or not the beginning of the twenty-one days for filing Notice of Seizure begins at the time that the police actually took possession of the property or when the assets were seized for purposes of § 18.2-249 and § 19.2-386.1 *et seq.* of the Code of Virginia. If the seizure occurred at the time of the arrest, then the Commonwealth's Attorney has failed to file the notice within twenty-one days. If, however, the seizure occurred at the time the Asset Seizure Reporting Form was signed, then the Commonwealth's Attorney has timely filed its notice.

Section 19.2-386.1 refers to "an action against any property subject to seizure under the provisions of § 18.2-249 . . . ." In *Jenkins v. Commonwealth*, 13 Va. App. 420, 422, 411 S.E.2d 841 (1991), the Court of Appeals of Virginia held that a forfeiture under §§ 18.2-249 and 19.2-386.1 *et seq.* is against the property:

> It is well established that forfeiture is appropriate to afford the Commonwealth relief against "property employed in defiance of the laws of this State . . . ." Forfeiture is, however, not a criminal proceeding but a "civil" action against "res" unlawfully employed by its owner or other person . . . . Although related to criminal activity, forfeiture is neither "penalty" nor "punishment" for an offense and remains entirely separate and distinct from a prosecution of its owner or other individual.

It is thus clear that a seizure of the property for purposes of §§ 18.2-249 and 19.2-386.1 *et seq.* does not necessarily occur at the time that the arrest is made and possession of the property is initially obtained by the police. The seizure of the property for evidentiary purposes at the time of the arrest is not a seizure under § 19.2-386.1. This must be an independent action against the property. It was only when the Asset Seizure Reporting Form was signed and given to the Commonwealth's Attorney on October 13, 1992, that the intent was indicated to proceed against the property. This is obviously a separate proceeding as indicated by both the Statute and the decision in *Jenkins*. This is further confirmed by the fact that § 19.2-386.1 provides an outside limitation of three years after discovery of

the last act giving rise to the forfeiture to file the forfeiture action. Obviously, the legislature anticipated that there may be some time between the initial seizure of the property for evidentiary purposes (or nonseizure of the property) when the police may make a decision to seize the property for purposes of forfeiture.

Next, the Court finds that Mr. Adcock misreads § 19.2-386.3. The twenty-one days for the filing of the Notice of Seizure by the Commonwealth is only activated when the seizing agency notifies the Attorney for the Commonwealth. It is not activated at the time of the evidentiary seizure. Thus, on this additional grounds, it is clear that the Commonwealth's Attorney has timely filed the Notice of Seizure under § 19.2-386.3.

In his motion, Mr. Adcock also maintains that there was an agreement at the time that he entered his guilty plea that the Commonwealth would nonsuit the Notice of Seizure and return the money to Mr. Adcock. This argument must be rejected because there was no written plea agreement entered into under Rule 3A:8 wherein the dismissal of the forfeiture procedure was made a condition of the guilty plea.

The remaining issue in this forfeiture proceeding is the factual issue of whether the cash received was used in substantial connection with the possession or distribution of marijuana and/or cocaine as required by § 18.2-249 of the Code of Virginia. I am scheduling this factual hearing for August 11, 1993, at 9:30 o'clock a.m.