Present:  All the Justices

COMMONWEALTH OF VIRGINIA

v.   Record No. 991997        OPINION BY JUSTICE DONALD W. LEMONS
                                              June 9, 2000
ALTIMONT WILKS, ET AL.

FROM THE CIRCUIT COURT OF HALIFAX COUNTY
William L. Wellons, Judge

In this appeal of a judgment dismissing several related
forfeiture proceedings, we consider whether the Commonwealth's
failure to comply with notice of seizure provisions deprived
the circuit court of jurisdiction.  Code § 19.2-386.3(A)
states:

> If an information has not been filed, then
> upon seizure of any property under § 18.2-249,
> the agency seizing the property shall forthwith
> notify in writing the attorney for the
> Commonwealth in the county or city in which the
> seizure occurred, who shall, within twenty-one
> days of receipt of such notice, file a notice of
> seizure for forfeiture with the clerk of the
> circuit court.  Such notice of seizure for
> forfeiture shall specifically describe the
> property seized, set forth in general terms the
> grounds for seizure, identify the date on which
> the seizure occurred, and identify all owners and
> lien holders then known or of record.  The clerk
> shall forthwith mail by first-class mail notice
> of seizure for forfeiture to the last known
> address of all identified owners and lien
> holders.  When property has been seized under
> § 18.2-249 prior to filing an information, then
> an information against that property shall be
> filed within ninety days of the date of seizure

or the property shall be released to the owner or
lien holder.[1]

(Emphasis added).

I

On December 19, 1997, and continuing into the early
morning hours of December 20, 1997, law enforcement officers
executed a search warrant for drugs at a residence in Halifax
County that was occupied by Altimont M. Wilks and Nicole S.
Younger, respondents in this forfeiture proceeding.  The
officers seized numerous items, including several thousand
dollars in U.S. currency, pistols, electronics equipment, a
scanner, digital scales, a night vision device, and a
bulletproof vest.

Code § 19.2-386.3(A) requires, inter alia, that "the
agency seizing the property shall forthwith notify the
attorney for the Commonwealth in the county or city in which
the seizure occurred, who shall, within twenty-one days of
receipt of such notice, file a notice of seizure for
forfeiture with the clerk of the circuit court."  On December
23, 1997 Gary Thomas, a special agent with the Alcohol
Beverage Control Board, delivered "Asset Seizure Reporting
Forms" to the office of the regional drug prosecutor and slid

---

[1] Code § 18.2-249 describes the types of property subject
to seizure in a forfeiture proceeding involving real or
personal property related to illegal drug transactions.

them under the door to the office.  The reporting forms were not seen by the prosecutor until January 5, 1998.

The property subject to seizure was divided into five separate groupings for the purpose of forfeiture proceedings and on February 9, 1998 the Commonwealth's Attorney filed five notices and five corresponding informations with the clerk of the Circuit Court of Halifax County.  The Commonwealth asserted in the notices of seizure for forfeiture that the seized items were used in substantial connection with, or represented proceeds from, the manufacture, sale, distribution, or possession with intent to distribute a controlled substance or marijuana.  Respondents and the Commonwealth agree that the notices of forfeiture were filed beyond the 21-day period prescribed in Code § 19.2-386.3(A), and further agree that the informations filed on the same day were within the 90-day period prescribed by the same provisions in the Code.

Upon respondents' motion, the trial court dismissed the forfeiture proceedings, holding that it had no jurisdiction over the proceedings because the Commonwealth failed to file the notices of forfeiture within the 21-day period.  The Commonwealth appeals.

II

The Commonwealth argues that filing of notices of seizure for forfeiture is a procedural requirement which does not affect the circuit court's jurisdiction.  Citing Commonwealth v. Brunson, 248 Va. 347, 448 S.E.2d 393 (1994), the Commonwealth maintains that forfeiture actions commence and jurisdiction is conferred upon a circuit court by the filing of an information, and that the informations against the seized items that are the subject of this appeal were filed timely.

The respondents, also citing Brunson, argue that the Commonwealth's untimely filing of the notices of seizure for forfeiture deprived the circuit court of jurisdiction and, therefore, the court was without authority to proceed in the forfeiture actions.  The respondents argue that "in cases where, as here, the Commonwealth wishes to immediately seize property rather than wait until an information has been filed with the Court, [the Commonwealth] must follow both [filing] requirements in [Code § 19.2-386.3(A)] to properly confer jurisdiction unto the Court.  To conclude or allow otherwise would allow the Commonwealth to circumvent the protections the General Assembly deemed necessary in enacting these statutes. The notice requirement is there to offer some degree of protection and oversight upon the actions of the Commonwealth

4

absent the scrutiny of the Court inherent in the filing of an Information."  We disagree with respondents.

In Brunson, we considered whether the requirement in Code § 19.2-386.3(A) that an information for forfeiture be filed within 90 days of the date the property is seized affects the court's jurisdiction.  We observed that our prior decisions interpreting the predecessors to Code § 19.2-386.3(A) held that the time limitation for filing the information when property had already been seized was a jurisdictional requisite, and lack of compliance with such requirement deprived the circuit court of jurisdiction.  248 Va. at 349, 448 S.E.2d at 395.  We stated in Brunson:

> [I]f the Commonwealth wishes to obtain title to property through the forfeiture provisions of Code §§ 19.2-386.1 through -386.14, it must file an information for forfeiture within 90 days of the date it physically takes the property into its possession.  Failure to do so deprives a trial court of jurisdiction to consider the information for forfeiture.

248 Va. at 353, 448 S.E.2d at 397.

Our holding in Brunson is not implicated here.  In this proceeding, we are not concerned with the question whether the Commonwealth filed the informations timely.  Here, the Commonwealth filed the informations within the 90-day

5

statutory period.[2]  Rather, our inquiry in this appeal is whether the Commonwealth's Attorney's failure to file the notices of seizure for forfeiture with the clerk of the circuit court within 21 days from the date that the agency seizing the property notified the Commonwealth's Attorney of such seizure affects the circuit court's jurisdiction over forfeiture proceedings.

## III

Code § 19.2-386.3(A) states that "the attorney for the Commonwealth . . . shall . . . file a notice of seizure for forfeiture with the clerk of the circuit court" within 21 days from the date that the Commonwealth's Attorney receives notice of the seizure.  In this case, the circuit court held that the word "shall" in Code § 19.2-386.3(A) is mandatory and that the circuit court did not have jurisdiction because of the Commonwealth's failure to file the notices of seizure of forfeiture within 21 days.  The Commonwealth argues, and we

---

[2] We also observe that, contrary to the respondents' assertions, our decision in Haina v. Commonwealth, 235 Va. 571, 369 S.E.2d 401 (1988), is not relevant in this appeal. In Haina, we held that a circuit court lacked subject matter jurisdiction to adjudicate a forfeiture proceeding because the Commonwealth's Attorney failed to file an information timely under former Code § 4-56, a predecessor statute to § 19.2-386.1.  Id. at 576, 369 S.E.2d at 404.  We did not consider in Haina whether the Commonwealth's Attorney's failure to file the notice of seizure for forfeiture with the clerk of the court within 21 days from the date that the agency seizing the

agree, that its failure to comply with this requirement does not affect the circuit court's jurisdiction because the use of the word "shall" in Code § 19.2-386.3(A) is directory, not mandatory.

We have repeatedly held:

> [T]he use of "shall," in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent.

Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994).  We applied this well-established principle in Jamborsky, and held that a circuit court's failure to examine certain papers and enter an order either remanding a case to the juvenile court or advising the Commonwealth's Attorney that he may seek an indictment under former Code § 16.1-269(E), which governed the transfer of a juvenile to stand trial as an adult, was a procedural requirement rather than a prerequisite to jurisdiction.  Id. at 511, 442 S.E.2d at 638-39.

In Commonwealth v. Rafferty, 241 Va. 319, 402 S.E.2d 17 (1991), we construed former Code § 18.2-268(Q), which provided that an executed certificate of refusal to take a blood or breath test "shall be attached to the warrant."  We said, "'[A] statute directing the mode of proceeding by public

property notified the Commonwealth's Attorney of such seizure

officers is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute.'"  Rafferty, 241 Va. at 324-25, 402 S.E.2d at 20.

In the present case, Code § 19.2-386.3(A) contains no prohibitory or limiting language that divests the circuit court of jurisdiction.  We conclude that the requirement for the filing of the notice of seizure within 21 days is directory and procedural, rather than mandatory and jurisdictional.

The purpose of this requirement is to permit the clerk of the circuit court to notify all owners and lienholders then known or of record that property has been seized, the reasons for seizure, and the date on which the seizure has occurred. The requirement of the filing of the notice of seizure for forfeiture with the clerk of the circuit court does not affect the power of the circuit court to adjudicate the forfeiture proceeding, but rather protects the property rights of the property owners or lienholders who have an interest in the seized property.

IV

The respondents, relying upon Jenkins v. Commonwealth, 13 Va. App. 420, 411 S.E.2d 841 (1991), argue that the

affected the circuit court's jurisdiction.

Commonwealth's failure to comply with the 21-day requirement in Code § 19.2-386.3(A) deprived the circuit court of jurisdiction.  Jenkins is not applicable here.  According to the record in that case, when the defendant was arrested, police officers removed and seized $870 from his pockets.  After the defendant had been convicted of possession of cocaine with intent to distribute and sentenced to ten years imprisonment and fined $10,000, the Commonwealth requested that the circuit court forfeit the defendant's $870 to pay for fines and costs.  The defendant objected, complaining that the Commonwealth had failed to establish a sufficient nexus between the money and the defendant's criminal activity.  Id. at 421, 411 S.E.2d at 841.  The circuit court subsequently entered an order which directed "the Lynchburg Police Department" to "pay over the sum of $870 which it holds in the name of [the defendant] to the Clerk" of the circuit court "as partial payment upon [the defendant's] fines and costs in this case."  Id. at 422, 411 S.E.2d at 842.

The Court of Appeals reversed the judgment of the circuit court and stated:

> The order of the trial court confiscating and appropriating defendant's funds as an incidence of his criminal prosecution did not comply with statutory procedure.  Most significantly, the court did not act pursuant to an "information," with attendant rights, including notice right of trial "independent of any

criminal proceeding."  Code § 19.2-386.10; see Code
§§ 19.2-386.1, 386.3 and 386.9.

Id. at 423, 411 S.E.2d at 842.  In Jenkins, the Commonwealth sought to obtain title to property without commencing a forfeiture proceeding and without compliance with or reliance upon the forfeiture statutes.  Here, unlike Jenkins, the Commonwealth filed informations against the property subject to seizure in compliance with Code § 19.2-386.1.

V

Although we hold that the requirement of filing notices of seizure for forfeiture is not jurisdictional, failure to adhere to the notice requirements of the forfeiture statutes may result in dismissal if due process concerns are not met. Paraphrasing what we stated in Jamborsky, our decision is based on the uncontroverted fact that the putative owners did not suffer any prejudice as a result of the delay in giving notice.  Any determination whether a property owner or lien holder has suffered prejudice constituting a denial of due process must be made on a case-by-case basis.  See Jamborsky, 247 Va. at 511, 442 S.E.2d at 639.  Respondents do not contend that they were prejudiced in any manner by the untimely filing of notices of seizure for forfeiture in this case.

VI

Because the delay in providing notice of seizure for forfeiture involved in this case was not a jurisdictional defect, the trial court erred in dismissing the forfeiture actions.  Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.