COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


VIRGINIA DEPARTMENT OF TAXATION
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0972-07-2               JUDGE RUDOLPH BUMGARDNER, III
                                                      JANUARY 15, 2008
WILLIS BRAILEY


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              T. J. Markow, Judge

          Guy W. Horsley, Jr., Special Assistant Attorney General (Robert F.
          McDonnell, Attorney General; Maureen Riley Matsen, Deputy
          Attorney General, on briefs), for appellant.

          Patrick R. Laden for appellee.


       The Department of Taxation appeals a decision that its request for administrative review of a

grievance hearing was untimely.  The circuit court reversed and vacated a favorable decision by the

reviewing agency.  We conclude the circuit court acted outside the scope of judicial review when it

reversed a procedural ruling of the Department of Employment Dispute Resolution and reverse its

decision.

       Willis Brailey worked as a collection representative for the Department of Taxation.  The

tax department issued two notices for violations of the agency's standards of conduct:

(1) preparing of private tax returns for compensation, and (2) accessing taxpayer accounts for

non-work-related reasons.  Both notices were classified as Group III notices that normally

resulted in termination of employment.  The department did terminate Brailey, and he filed a

grievance.

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The hearing officer ruled that the employee's acts should have been characterized as a Group II violation and ordered reinstatement. The tax department requested administrative review by the hearing officer and by the Department of Employment Dispute Resolution. The reconsideration decision of the hearing officer affirmed the earlier ruling. The Director of the Department of Employment Dispute Resolution ruled the request for review must be made to the Department of Human Resource Management because it asserted the hearing officer improperly interpreted agency policy. The Director further ruled that a written request for review by the Department of Human Resource Management must be made within fifteen days of that decision.

The tax department filed a request for review with the Department of Human Resource Management. That department ruled the hearing officer erred in interpreting state personnel policy and directed reconsideration. In response to the order to reconsider, the hearing officer rescinded his earlier decision and sustained the decision to terminate employment.

The employee appealed to the circuit court, which ruled the employer's request for review by the Department of Human Resource Management was untimely. The circuit court ruled the Department of Human Resource Management did not have authority to hear the appeal because the request for review was not filed within the time permitted by the Grievance Procedure Manual § 7.2(a). Alternatively, it ruled that even if the department had the authority to hear the appeal, it did not exercise the authority within the time mandated by the Grievance Procedure Manual § 7.2(c) and by Code § 2.2-3006(A). The circuit court reversed and vacated the agency's review decision and reinstated the hearing officer's initial decision to reinstate the employee.

Code § 2.2-1001(2) directs the Director of Employee Dispute Resolution to establish the grievance procedure program for state employees. Code § 2.2-1001(3) requires him to adopt rules for grievance hearings, and Code § 2.2-1001(5) authorizes him to render final decisions "on

all matters related to procedural compliance with the grievance procedure." The Director of Employee Dispute Resolution is explicitly charged with establishing and enforcing grievance procedures. Decisions on the application of the procedures created are subject to limited and carefully proscribed judicial review.

The limited role of the judiciary in reviewing the State Grievance Procedure was noted in Virginia Dep't of State Police v. Barton, 39 Va. App. 439, 573 S.E.2d 319 (2002). Barton held that determination of matters of policy was vested with the Department of Human Resource Management and not in the courts. Id. at 446, 573 S.E.2d at 323. Tatum v. Va. Dept. of Agr. & Consumer Servs., 41 Va. App. 110, 582 S.E.2d 452 (2003), reiterated the Barton holding on matters of policy and applied the same reasoning to matters of procedure. Tatum held determination of matters of procedure was vested with Department of Employee Dispute Resolution and not in the courts. Id. at 124, 582 S.E.2d at 459. Neither agency determinations of matters of policy nor of procedure were subject to judicial review.

Judicial review of administrative grievance hearings for state employees is restricted to determining whether the decision is "contradictory to law." Code § 2.2-3006(B). "[T]he only grounds of appeal of the hearing officer's decision is 'that the determination is contradictory to law.'" Barton, 39 Va. App. at 445, 573 S.E.2d at 322 (quoting Code § 2.2-3006(B)). "'Law' is the 'aggregate of legislation, judicial precedents and accepted legal principles.'" Id. at 446, 573 S.E.2d at 323 (quoting Black's Law Dictionary 889 (7th ed. 1999)). The ruling that the employer had fifteen days to file its appeal with the Department of Human Resource Management did not involve any constitutional provision, statute, regulation or judicial decision. Rather, it was an application and interpretation of the grievance procedures that the Director of Employee Dispute Resolution had created pursuant to Code § 2.2-1001(2).

The Grievance Procedure Manual provides that "all requests for review must be made in writing, and received by the administrative reviewer, within 15 calendar days of the date of the original hearing decision." Department of Employment Dispute Resolution, Grievance Procedure Manual, § 7.2(a). However, there is no procedure allowing review of issues first raised in the hearing officer's reconsideration decision or of issues not arising until one of the departments acted on a request made to it such as happened in this case. Section 7.2(a) does not address all possible situations that may require review and may arise under the State Grievance Procedure.

In this case, the employer filed its request for review with the Department of Employment Dispute Resolution within the specified time. After deciding it lacked authority to address the question presented, the Department of Employment Dispute Resolution authorized the employer to file an appeal with the agency that did have authority within fifteen days. The request to the Department of Human Resource Management was filed within that period though it was beyond fifteen days of the hearing officer's original decision.

The ruling allowing fifteen days to appeal from the decision of the Department of Employment Dispute Resolution involved an interpretation of that agency's procedures rather than an issue of law. "Interpretation of state agency policy is itself a matter of policy, absent a statutory enactment to the contrary, and not a matter of law." Barton, 39 Va. App. at 446, 573 S.E.2d at 323. Just as interpretation of agency policy is itself a matter of policy, so interpretation of agency procedure is itself a matter of procedure. As such, it is not a matter of law reviewable by the judiciary. "The circuit court was bound by those decisions because they are final and not subject to judicial review as a matter of law. See Department of Employment Dispute Resolution, Grievance Procedure Manual, § 7.2(c); see also Code §§ 2.2-1001(5) and 2.2-3003(G)." Tatum, 41 Va. App. at 124, 582 S.E.2d at 459.

The Department of Employment Dispute Resolution interpreted the Grievance Procedure Manual to permit the employer's request for review by the Department of Human Resource Management. The circuit court exceeded the limited scope of its review by treating it as an issue of law. The agency's ruling was not subject to judicial review, and the circuit court erred in deciding the agency lacked the authority to make the ruling. "By limiting an appeal to issues 'contradictory to law,' the General Assembly underscores a guiding principle of the grievance procedure as set out in Code § 2.2-3004: 'Management reserves the exclusive right to manage the affairs and operations of state government.'" Barton, 39 Va. App. at 447, 573 S.E.2d at 323.

The circuit court also opined that had the request been timely, the decision by the Department of Human Resource Management was erroneous because the department made it beyond the time restrictions mandated by the Grievance Procedure Manual and the Code. To the extent the alternative ruling rested on non-compliance with the time standards established in the Grievance Procedure Manual, it constituted a review of agency procedure that is not subject to judicial review. To the extent it rested on non-compliance with the requirements of Code § 2.2-3006(A), we hold the time standard of that statute was directive, not mandatory.

Code § 2.2-3006(A) provides:

> Upon the request of a party to a grievance hearing for an administrative review of the hearing decision, the Director of the Department of Human Resource Management shall determine, within 60 days of receipt of such request, whether the hearing decision is consistent with policy.

The Director of the Department of Human Resource Management failed to rule on the appeal within sixty days of receipt of the request for review. Indeed, the decision was not issued for over seven months, but that delay does not invalidate its decision.

> We have long held that "[c]ourts, in endeavoring to arrive at the meaning of language in a will, contract, or a statute, often are compelled to construe 'shall' as permissive in accordance with the subject matter and content." Fox v. Custis, 236 Va. 69, 77, 372

- 5 -

> S.E.2d 373, 377 (1988). Moreover, we have repeatedly stated that "the use of the word 'shall' in a statute requiring action by a public official is directory and not mandatory unless the statute manifests a contrary intent." Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994). . . . Additionally, we observed that the statute "contains no prohibitory or limiting language that prevents the circuit court from entering its order beyond the expiration of the 21-day period." [Id.] at 511, 442 S.E.2d at 638-39.

Tran v. Board of Zoning Appeals, 260 Va. 654, 657-58, 536 S.E.2d 913, 915 (2000).

Code § 2.2-3006(A) contains no "prohibitory or limiting language" preventing the agency from ruling after the expiration of sixty days. While failure to adhere to statutory time requirements may result in dismissal if due process concerns are not met, the employee has presented no evidence supporting his claim of prejudice or harm as a result of the delay in the ruling. See Commonwealth v. Wilks, 260 Va. 194, 201, 530 S.E.2d 665, 668 (2000) (finding that although notice requirements of seizure for forfeiture were procedural rather than jurisdictional in nature, the Court's "decision is based on the uncontroverted fact that the putative owners did not suffer any prejudice as a result of the delay in giving notice").

We hold the decision of the Department of Employment Dispute Resolution was not subject to review by the circuit court and the delay by the Department of Human Resource Management in rendering its decision on the request for review did not nullify its ruling. Accordingly, we reverse.

Reversed.