COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


TROY LAMONT BOONE
                                                                  OPINION BY
v.        Record No. 1790-11-1                          JUDGE LARRY G. ELDER
                                                                  JULY 24, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Robert G. O'Hara, Jr., Judge Designate

Jean Veness, Assistant Public Defender, for appellant.

Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


       Troy Lamont Boone (appellant) appeals from his revocation of probation following his

conviction for driving after having been declared a habitual offender, second or subsequent

offense.  On appeal, he contends the circuit court erred in determining the probation revocation

constituted a felony charge for purposes of Code § 19.2-76.1, such that the related capias

remained valid under that Code section for seven years rather than three.  As a result, he

contends the circuit court erroneously concluded his arrest on the capias was lawful.  He also

contends the circuit court erred in ruling he was not entitled to credit for time served in the

detention and diversion center incarceration programs, which he successfully completed.

Assuming without deciding the court erroneously classified the probation revocation as a felony

charge for purposes of Code § 19.2-76.1, we nevertheless conclude the circuit court's ruling

upholding his arrest was not error, because the terms of Code § 19.2-76.1 did not invalidate the

capias or deprive the court of jurisdiction on the facts of this case.  Thus, we affirm this part of

the circuit court's ruling.  However, we reverse the court's determination that appellant was not

entitled to credit for time served in the detention and diversion center incarceration programs and remand to the circuit court for further proceedings consistent with this opinion.

## I. BACKGROUND

On October 7, 2005, appellant was convicted in Suffolk of the felony offense of operating a motor vehicle after having been declared a habitual offender, a subsequent offense under Code § 46.2-357. He was sentenced to five years imprisonment, but the court suspended that time conditioned on three years of good behavior, supervised probation, and successful completion of "the Detention Center followed by the Diversion Incarceration Programs" pursuant to Code §§ 19.2-316.2 and -316.3 respectively. Appellant executed standard terms and conditions of probation requiring him, *inter alia*, to report as instructed to his probation officer and refrain from the unlawful use of controlled substances.

Appellant successfully completed the detention and diversion center incarceration programs on August 10, 2006. Effective September 25, 2006, appellant's probation supervision was transferred to Virginia Beach where he was living with his mother. Appellant reported to his probation officer on October 23, 2006, as ordered but failed to appear for his next scheduled appointment a month later. Appellant then reported as ordered on December 4, 2006, at which time he admitted having used marijuana and tested positive for cocaine. He then failed to report as instructed on January 22, 2007, although he called and left a message asking to reschedule. His probation officer left him a return message indicating that was not acceptable and that he needed to report as ordered. When, as of approximately two weeks later, appellant's probation officer had not heard from him again, she filed a violation report based on his failure to report and unlawful use of controlled substances. She asked that a capias be issued for appellant's arrest and that a revocation hearing be conducted.

On March 16, 2007, a capias for appellant was issued which showed his last known address as being his mother's residence in Virginia Beach. For reasons not apparent from the record, the capias was not executed until May 28, 2011, approximately four years and two months later, despite the fact that appellant alleged his address had not changed during that time.[1]

At appellant's probation revocation hearing, "an issue came up as to whether or not [appellant had] been properly charged." Appellant contended the 2007 capias was void under Code § 19.2-76.1 because it was executed beyond the three-year limitation after which the statute directs that capiases must be destroyed absent a petition showing a justification for not destroying them. Appellant argued his ongoing detention on an invalid instrument implicated "rights of constitutional proportion."

The Commonwealth argued in response, *inter alia*, that even if the statutory time had expired, the statute did not provide that no arrest could be made under such an instrument; it provided instead that "'[n]o arrest shall be made under the authority of any warrant or other process *which has been ordered destroyed* pursuant to this section'" (emphasis added) (quoting Code § 19.2-76.1). It noted further the decision in <u>Virginia v. Moore</u>, 553 U.S. 164 (2008), holding that an arrest made in violation of state law did not violate the Fourth Amendment, and it argued <u>Moore</u> supported the further conclusion that such an arrest did not violate due process.

The circuit court found the capias valid, reasoning in part that even if it was subject to being destroyed, "it was not destroyed. It was valid at the time of its execution. The defendant was, therefore, lawfully arrested, the defendant is accordingly properly before this Court."

---

[1] The Commonwealth presented no evidence to the contrary and did not contend he had absconded.

During the course of the revocation hearing, the circuit court inquired whether appellant was entitled to credit for the time spent in the detention and diversion center incarceration programs. The Commonwealth argued he was not and, thus, that he still had five years remaining on his original five-year sentence. Counsel for appellant argued to the contrary. The circuit court entered an order indicating a sentence of five years, with nine months to serve and four years three months suspended. It also noted appellant was to receive credit pursuant to Code § 53.1-187 "for time served,"[2] but it made no mention of and provided no credit for the time already served in the detention and diversion center incarceration programs.

## II. ANALYSIS

## A. VALIDITY OF ARREST ON CAPIAS

In his first assignment of error, appellant contends the circuit court erred in determining the probation revocation constituted a felony charge for purposes of Code § 19.2-76.1. This is closely related to appellant's second assignment of error, in which he contends the circuit court erroneously concluded the capias executed against him was valid because it was less than seven years old, the lifetime specified in Code § 19.2-76.1 for felony process, as opposed to three years, the lifetime he contends was specified therein for all other process. Assuming without deciding the capias at issue was subject to being destroyed under Code § 19.2-76.1 because it was more than three years old, it had not in fact been ordered destroyed and remained valid for purposes of providing the authority to arrest. Thus, we affirm.

Our review of the interpretation of a statute is *de novo*. See, e.g., Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007). Here, the statute at issue contains limiting language providing "[n]o arrest shall be made under the authority of any

---

[2] As relevant here, Code § 53.1-187 addresses only time spent in confinement awaiting trial.

warrant or other process which has been *ordered* destroyed [by the appropriate circuit court] pursuant to this section."[3] Code § 19.2-76.1 (emphasis added). However, the statute provides no remedy in the case of execution of a warrant or other process older than the specified age which has *not* been ordered destroyed by the circuit court. See Code § 19.2-76.1 (allowing the Commonwealth's Attorney to "petition that certain of the . . . unexecuted criminal processes not be destroyed" and the circuit court to grant such a petition as to "any unexecuted process whose preservation is deemed justifiable by the court"); Code § 19.2-390 (providing that "[w]ithin 72 hours following the receipt of . . . a warrant or capias for the arrest of any person on a charge of a felony . . . , the law-enforcement agency which received the warrant shall enter the person's name and other appropriate information required by the Department of State Police into the 'information systems' known as the Virginia Criminal Information Network (VCIN) . . . and the National Crime Information Center (NCIC), maintained by the [FBI]" and that "[w]hen criminal process has been *ordered destroyed pursuant to § 19.2-76.1*, the law-enforcement agency destroying such process shall ensure the removal of any information relating to the destroyed criminal process from the VCIN and the NCIC" (emphasis added)); see also Commonwealth v. Wilks, 260 Va. 194, 200, 530 S.E.2d 665, 667 (2000) (holding Code § 19.2-386.3(A), "requir[ing] the filing of the notice of seizure within 21 days[,] is directory and procedural, rather than mandatory and jurisdictional" because it "contains no prohibitory or limiting language that divests the circuit court of jurisdiction").

---

[3] Code § 19.2-76.1 requires the chief law enforcement officer of each jurisdiction to prepare quarterly reports "list[ing][, *inter alia*,] those existing felony arrest warrants . . . that have not been executed within seven years of the date of issuance, [and] those misdemeanor arrest warrants, summonses and capiases and other criminal processes . . . that have not been executed within three years from the date of issuance." The Commonwealth's Attorney "shall petition the circuit court . . . for the destruction of such unexecuted . . . criminal processes" but "may petition that certain of the . . . unexecuted criminal processes not be destroyed." Code § 19.2-76.1. The circuit court "shall order the destruction of each such unexecuted . . . criminal process" but has the discretion to preserve any process it deems "justifiable." Id.

Two Virginia Attorneys General have reached just such a conclusion about the ongoing validity of an unexecuted criminal process under this statute, one of whom expressly opined that "[t]he only way . . . in which an unexecuted warrant becomes unusable is by its execution under § 19.2-76, or *by its destruction* pursuant to an order of the circuit court under § 19.2-76.1 upon petition by the Commonwealth's attorney." 1985-86 Op. Va. Att'y Gen. 133, 134 (emphasis added); see 1979-80 Op. Va. Att'y Gen. 14, 15 ("The operative language is the word 'ordered.' . . . [O]nce the court has ordered a warrant destroyed, the warrant . . . becomes void and provides no authority to support an arrest." (footnote omitted)). Since the original enactment of Code § 19.2-76.1 in 1976, it has contained the provision prohibiting arrest under a warrant or other process "which has been ordered destroyed pursuant to this section." 1976 Va. Acts ch. 252 (covering only "misdemeanor arrest warrants"); 1979 Va. Acts ch. 34 (expanding to cover felony arrest warrants as well as those for misdemeanors); 1982 Va. Acts ch. 608 (adding "summons, capias and other unexecuted criminal process" language throughout). Although the legislature has amended the statute numerous times since then, it has not altered this language to prohibit arrest under the authority of a covered process other than one "which has been ordered destroyed pursuant to this section." 2011 Va. Acts chs. 336, 347.[4] "The legislature is presumed to have had knowledge of the Attorney General's interpretation of the statute[] [in the Attorney General's written opinions], and [the legislature's] failure to make corrective amendments [in the

---

[4] See also 1985 Va. Acts ch. 199 (removing language providing report shall list only those felony warrants not executed within fifteen years and only those other types of process not executed within five years and providing the Commonwealth's Attorney "may" rather than "shall" petition the court for destruction); 1990 Va. Acts ch. 626; 1991 Va. Acts ch. 542 (reinserting earlier language requiring listing only of felony and misdemeanor warrants and other types of process unexecuted after a certain amount of time, but providing shorter time limits than those used previously, seven years instead of fifteen for felony arrest warrants and three years instead of five for misdemeanor arrest warrants and other listed processes); 1993 Va. Acts ch. 550 (adding language allowing the attorney for the Commonwealth to petition that certain warrants not be destroyed and permitting the circuit court to order preservation of unexecuted process where deemed "justifiable by the court"); 2003 Va. Acts ch. 147; 2010 Va. Acts ch. 652.

more than twenty-five years since the issuance of the decisions] evinces legislative acquiescence in the Attorney General's view" that unexecuted process becomes invalid only if destroyed and not merely based on passage of the applicable statutory time limit, see Commonwealth v. Brown, 28 Va. App. 781, 789-90, 508 S.E.2d 916, 921 (1999).

For these reasons, we hold appellant's arrest on the capias was lawful under Code § 19.2-76.1 and that appellant has failed to establish any basis for his allegation that the circuit court lacked jurisdiction to revoke his suspended sentence.

B.  CREDIT FOR TIME SERVED IN THE DETENTION AND DIVERSION PROGRAMS

Appellant contends the circuit court erred in failing to give him credit for the approximately ten months he spent in the detention and diversion center incarceration programs, which he successfully completed.  The holding in Charles v. Commonwealth, 270 Va. 14, 18-20, 613 S.E.2d 432, 433-34 (2005), provides, as the Commonwealth concedes in this case, that time spent participating in these programs is "incarceration" and, thus, that appellant is entitled to credit for the ten months at issue.  Thus, we reverse the circuit court's implicit refusal to award appellant the requested credit and remand for entry of a corrected sentencing order.

III.

For these reasons, we conclude the circuit court's ruling that appellant's arrest was valid was not error because the terms of Code § 19.2-76.1 did not invalidate the capias or deprive the court of jurisdiction on the facts of this case.  Thus, we affirm this part of the circuit court's ruling.  However, we reverse the court's ruling to the extent it failed to give appellant credit for time served in the detention and diversion center incarceration programs.  Thus, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part,
and remanded with instructions.