COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, White and Senior Judge Annunziata

UNPUBLISHED

NAIMA JABEEN

MEMORANDUM OPINION[*]

v.      Record No. 0594-23-4                                    PER CURIAM
                                                               SEPTEMBER 23, 2025

CAMDEN DEVELOPMENT, INC.


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert J. Smith, Judge

(Naima Jabeen, on briefs), *pro se*. Appellant submitting on briefs.

(Anders T. Sleight; Austin C. Hinel; Offit Kurman, P.C., on brief),
for appellee. Appellee submitting on brief.


Naima Jabeen appeals the circuit court's judgment for Camden Development, Inc., in this

unlawful detainer action. Jabeen argues that the circuit court erred by: (1) admitting certain

"irrelevant and unduly prejudicial evidence at trial," (2) entering judgment for Camden despite a

"defective" notice it would not renew her lease, and (3) entering judgment for Camden despite its

failure to provide Jabeen with a statement of tenant rights and responsibilities within the time

required by Code § 55.1-1204(H).[1] Finding no error, we affirm the circuit court's judgment.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Code § 55.1-1204 has been amended several times since 2020. *See* 2020 Va. Acts chs
985, 986, 998, 1231; 2021 Va. Acts Spec. Sess. I ch. 427; 2023 Va. Acts chs. 450, 679, 706;
2024 Va. Acts ch. 831; 2025 Va. Acts chs. 554, 562, 627, 655. Unless otherwise specified, we
refer to the version in effect when Camden filed its unlawful detainer action. *See* Code
§ 55.1-1204 (2022 Repl. Vol.); 2021 Va. Acts Spec. Sess. I ch. 427.

[2] The parties waived argument in this case. *See* Code § 17.1-403(ii).

BACKGROUND

Jabeen rented certain residential property from Camden under a lease which commenced in October 2020. The premises is an "affordable dwelling unit" provided through a low-income housing program. On April 12, 2021, Camden sent Jabeen written notice that the lease would not renew and would terminate at the end of its term on June 27, 2021. Jabeen paid rent to Camden on June 26, 2021, which Camden accepted with reservation of its right to evict her.

Camden filed an action for unlawful detainer in general district court on November 12, 2021, alleging that Jabeen had failed to vacate the premises. On December 1, 2021, Camden provided Jabeen with the statement of tenant rights and responsibilities maintained by the Department of Housing and Community Development. On December 2, 2022, the general district court held a hearing and entered judgment for Camden, awarding it possession of the premises.[3] Jabeen appealed to the circuit court for a de novo trial.

At the circuit court trial, Camden offered a copy of the lease agreement, but Jabeen objected to the document as incomplete because it did not include an addendum about the apartment's status as an affordable dwelling unit. Camden acknowledged that the lease had other parts but asserted that it was offering the incomplete lease "only to establish that there is a landlord-tenant relationship between the parties." The circuit court accepted the lease into evidence.

---

[3] In January 2022, while the unlawful detainer action was pending in general district court, Jabeen filed a complaint against Camden with the Virginia Fair Housing Office of the Department of Professional and Occupational Regulation. Jabeen alleged in the complaint that she had a disability and that Camden had refused to make a reasonable accommodation for her. The general district court continued the unlawful detainer while the fair housing case was litigated. The Director of the Fair Housing Office issued a letter in November 2022 explaining that the Real Estate Board (a regulatory board within the Department, see Code §§ 54.1-2104, -2344(D)) had "determined that there is 'No Reasonable Cause' to believe that an unlawful discriminatory housing practice has occurred."

Camden's general manager, Marcus Mason, testified that Camden terminated the lease by sending Jabeen the April 2021 nonrenewal notice. Jabeen objected to the notice, arguing that Camden had relied on a different notice in its bill of particulars in general district court.[4] The circuit court overruled the objection because Camden had not filed a bill of particulars in the circuit court.

Camden also introduced the statement of tenant rights and responsibilities that it delivered to Jabeen on December 2, 2022. Jabeen objected to that document because Camden had neither provided it to her within a month of the lease's effective date, nor before filing the unlawful detainer, as required by Code § 55.1-1204(H). The circuit court overruled the objection because Jabeen admitted that she ultimately had received the document. Jabeen challenged the document's timeliness again while cross-examining Mason. The circuit court ruled, "[a]ll they have to do is have it in there, into your hands before they get into court." Jabeen replied, "Yes. So it was not." The court did not respond to that point. Jabeen then argued that Camden's failure to deliver the statement of tenant rights and responsibilities to her within the time required by Code § 55.1-1204(H) invalidated the lease. The circuit court rejected that argument as contrary to the statutory language.

Finally, Camden submitted a document entitled "reservation of rights," which it sent to Jabeen in July 2021, stating that it accepted her June 26, 2021 rent payment without waiving its right to evict her. Mason testified that Camden never waived its notice to vacate, and it relied on the April 2021 nonrenewal notice as its basis for termination of the lease.

---

[4] In Camden's bill of particulars in the general district court, it alleged that the lease's regular term ended on June 27, 2021, and the lease continued on a month-to-month basis. Camden further alleged that it provided a notice of nonrenewal on September 13, 2021, which terminated the lease effective October 31, 2021. Camden did not introduce the September 13, 2021 notice at the circuit court trial or rely on it as a basis of the lease's termination.

In her defense, Jabeen argued that Camden "gave a defective notice and continued to allow [her] to stay for almost three months until [sic] the defective notice was given." Jabeen further asserted that under the affordable housing addendum to the lease, it could only renew for a term of 6 to 12 months, rather than month-to-month. She did not introduce the addendum into evidence. Jabeen also argued that Camden was evicting her in retaliation for complaints she had made about common areas in the property. Finally, Jabeen reiterated her argument that Camden could not maintain the unlawful detainer action because it had failed to provide her with the statement of tenant rights and responsibilities before filing the action. The circuit court found that Jabeen failed to prove retaliation but did not address Jabeen's other arguments. The circuit court entered judgment for Camden and granted it possession of the premises. Jabeen timely noted an appeal.

Jabeen filed a proposed written statement of facts in lieu of a transcript for the trial. Camden objected to the statement, and the circuit court entered an order rejecting Jabeen's proposed statement and certifying its own statement of facts instead. Upon review of the record, we found that the statement of facts certified by the circuit court did not contain a complete and accurate record of the proceedings. Thus, we ordered the circuit court "to provide notice to counsel and conduct a hearing in compliance with Rule 5A:8(c) and (d)," "take any action authorized under Rule 5A:8(d)(1)-(5)," and certify to this Court "the date of the notice, hearing, and resolution of the objections or appropriate corrections to the written statement."

After a hearing, the circuit court ordered Camden to file a transcript of the trial in the circuit court and provide a copy to Jabeen. Camden filed the transcript. Jabeen then moved to strike the transcript, arguing that she had not received a copy of it, so she could not review it for accuracy. She also argued that the transcript may be unreliable because it "was not prepared by an official court reporter," but submitted by Camden, and the trial had occurred too long ago

("nearly two years") to allow for accurate recall of the events. The circuit court denied Jabeen's motion and certified the transcript.

Jabeen has filed several motions with this Court relating to the transcript, including a motion to strike it from the record on appeal. The thrust of her motion to strike is that the transcript is "deficient and was not available to [her] for review or objection [sic] prior to certification, significantly prejudicing [her] ability to ensure its accuracy." She argues, additionally, that errors in the certification of the statement of facts violated her procedural due process rights under the Fourteenth Amendment of the United States Constitution.

ANALYSIS

I. The circuit court complied with Rule 5A:8(d).

Generally, when a party objects to a written statement of facts, the circuit court "must set a hearing with notice to all parties" within "10 days after the objection is filed." Rule 5A:8(d).

> After the hearing, the judge must:
>
> (1) overrule the objection; or
>
> (2) make any corrections that the trial judge deems necessary; or
>
> (3) include any accurate additions to make the record complete; or
>
> (4) certify the manner in which the record is incomplete; and
>
> (5) sign the transcript or written statement.

*Id.* "The judge's signature on a transcript or written statement, without more, constitutes certification that the procedural requirements of this Rule have been satisfied." *Id.*

We accept the circuit court's certification of the trial transcript as an appropriate correction to the statement of facts. When a party objects to a transcript or written statement as erroneous or incomplete, the circuit court's options to fix the errors it finds include "mak[ing] any corrections that the trial judge deems necessary" and "includ[ing] any accurate additions to

- 5 -

make the record complete." Rule 5A:8(d)(2)-(3). By certifying a transcript of the trial as the statement of facts, the court corrected the errors in the original statement of facts. Although Jabeen objects to the statement of facts on the basis that she was not served with the transcript before it was filed in the circuit court, Jabeen has not specified any errors or deficiencies in the transcript, even in her April 28, 2025 motion, submitted to this Court months after the transcript was filed. Thus, even assuming Camden failed to serve Jabeen with a copy of the transcript, Jabeen has not established any prejudice from the circuit court's certification of the transcript as the statement of facts in this case. *See* Rule 5A:8(b)(4).

For similar reasons, we conclude that any procedural error in the certification of the statement of facts was harmless. "[W]e search in this case and in all cases for 'the best and narrowest grounds available' for decision." *Spruill v. Garcia*, 298 Va. 120, 127 (2019) (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017)). For this issue, the best and narrowest ground is harmless error. *See id.* Code § 8.01-678 makes harmless-error review required in all cases, and "[a]ny error that does not implicate the trial court's subject matter jurisdiction is subject to harmless-error analysis." *Id.*; *see Mooney v. Commonwealth*, 297 Va. 434, 437 (2019) (holding that claim of due process violation at a revocation proceeding was subject to harmless error analysis). "The standard for an alleged constitutional error is whether the error was harmless beyond a reasonable doubt." *Mooney*, 297 Va. at 437-38. Here, Jabeen has failed to identify any specific error in the transcript. Nor has she explained how her rights were significantly prejudiced by the transcript's not being provided to her before the circuit court certified it, given that she was able to file objections after the certification. *See, e.g.*, *Commonwealth v. Wilks*, 260 Va. 194, 201 (2000) (holding that delay in providing notice of seizure for forfeiture was not a jurisdictional defect in part because respondents did not contend

that they had suffered prejudice constituting a denial of due process). Thus, we conclude that the alleged procedural deficiency was harmless beyond a reasonable doubt.

II. Jabeen failed to provide principles of law and authorities in support of her argument that the circuit court admitted irrelevant and prejudicial evidence.

"Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.'" *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) (quoting *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008) (alteration in original), *aff'd in part*, *vacated in part on other grounds*, 279 Va. 52 (2010)). "A significant omission in this regard will result in waiver of the argument on appeal." *Ceres Marine Terminals v. Armstrong*, 59 Va. App. 694, 708 (2012). We have held the "failure to provide legal argument and authority as required by Rule 5A:20(e)" to be "significant" when the appellant's brief "leaves us without a legal prism through which to view [her] alleged error." *Bartley*, 67 Va. App. at 746.

Jabeen argues in her first assignment of error that the circuit court admitted certain "confusing and misleading information." Her brief, however, does not identify the disputed evidence, other than by stating that Camden submitted the "same . . . information" in the Fair Housing case. She also provides no legal authority and no argument to support her assertion that the evidence was irrelevant and prejudicial. It "is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Blankenship v. Commonwealth*, 71 Va. App. 608, 623 n.2 (2020) (quoting *Bartley*, 67 Va. App. at 746). Jabeen's omission of legal authority in support of her first

- 7 -

assignment of error is significant, and therefore it is waived.[5] *See Bartley*, 67 Va. App. at 746; Rule 5A:20(e).

### III. Jabeen failed to preserve her argument that the nonrenewal notice was defective.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). And "[n]ot just any objection will do. It must be both specific and timely—so that the trial judge would know the particular point being made in time to do something about it." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022) (quoting *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019)). A party waives her argument on appeal if she fails to make the argument with sufficient specificity. *Id.*; Rule 5A:18.

Jabeen asserts that the circuit court erred by entering judgment for Camden despite its assertedly "defective" notice that her lease would not renew. According to Jabeen, Camden allowed her to stay for approximately three months after June 27, 2021, which waived Camden's right to evict her and created a new lease. Additionally, Jabeen asserts that the affordable housing addendum to the lease she signed provides that the lease's term may only be between 6 and 12 months; it does not permit a month-to-month lease. Thus, she argues, the new lease that (she claims) began in June 2021 had a term of at least six months, and the September 13, 2021 nonrenewal notice purporting to terminate the new lease on October 31, 2021, was ineffective.

---

[5] Jabeen also argues that the first statement of facts certified by the circuit court contains "inaccurate facts" and is "not based upon accurate information." That issue was resolved when the circuit court certified a transcript of the trial as the statement of facts.

Jabeen did not make this argument to the circuit court with sufficient specificity to preserve it for appeal. She discussed various bases of the argument during the trial, including her assertions that Camden allowed her to stay for 3 extra months and that the affordable housing addendum provided that the lease term could only be for 6 to 12 months. But even under a generous reading of her trial arguments, she did not connect those theories logically so that "the trial judge would know the particular point being made." *Hogle*, 75 Va. App. at 755 (quoting *Bethea*, 297 Va. at 743). She did not clearly explain her theory that a new 6-to-12-month lease came into existence after June 27, 2021, that Camden was required to provide a new notice of nonrenewal for that lease, and that the new notice Camden provided was ineffective. As presented below, the trial judge did not have the opportunity to rule on the argument she now advances. Moreover, she introduced neither the affordable housing addendum nor the September 2021 nonrenewal notice at trial.

The appellate court may not "put a different twist on a question that is at odds with the question presented to the trial court." *Bethea*, 297 Va. at 744 (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). Because Jabeen did not make the argument she now advances with "reasonable certainty" in the trial court her second assignment of error is waived. Rule 5A:18; *Hogle*, 75 Va. App. at 743. Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, Jabeen has not invoked either exception for this assignment of error, and we do not consider them sua sponte. *Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023).

### IV. Camden's failure to provide Jabeen with the statement of tenant rights and responsibilities within the time required by Code § 55.1-1204 did not render the lease invalid.

"[T]he scope of argument on appeal is limited by the assignments of error." *Dudley v. Estate Life Ins. Co.*, 220 Va. 343, 348 (1979). An assignment of error is like "a pleading, and in the court of last resort it performs the same office as a . . . complaint in a court of original

jurisdiction." *Forest Lakes Cmty. Ass'n v. United Land Corp. of Am.*, 293 Va. 113, 123 (2017) (quoting *Puckett v. Commonwealth*, 134 Va. 574, 579 (1922)). "[A]ssignments of error set analytical boundaries for the arguments on appeal, provide a contextual backdrop for our ultimate ruling, and demark the stare decisis border between holdings and dicta." *Id.*; *see also Findlay v. Commonwealth*, 287 Va. 111, 115-16 (2014).

Jabeen argues that Camden's failure to provide her with the statement of tenant rights and responsibilities within the time required by Code § 55.1-1204(H) rendered the lease agreement invalid. Jabeen further argues that Camden was prohibited from filing the unlawful detainer because it did not provide the statement of tenant rights and responsibilities to her before filing the action. But Jabeen asserts only the former argument in her third assignment of error. Thus, we consider only that argument on appeal.[6] *See Dudley*, 220 Va. at 248.

"We review issues of statutory construction de novo." *Bland-Henderson v. Commonwealth*, 303 Va. 212, 218 (2024). Residential landlords are required to provide tenants with "the statement of tenant rights and responsibilities developed by the Department of Housing and Community Development and posted on its website pursuant to § 36-139." Code § 55.1-1204(B) (2022 Repl. Vol.). When Camden filed the unlawful detainer actions, Code § 55.1-1204(H) required landlords to provide the statement to the tenant "within one month of the effective date of the written rental agreement."[7] Code § 55.1-1204(H) (2022 Repl. Vol.).

---

[6] Camden asserts that the record includes no evidentiary objection by Jabeen to the statement of tenant rights and responsibilities and that Jabeen failed to preserve her third assignment of error for appeal. Camden filed its brief before the circuit court certified the trial transcript as the statement of facts. The transcript confirms that Jabeen timely objected to the statement of tenant rights and responsibilities. Moreover, Jabeen raised the issue throughout the proceedings. Thus, Jabeen preserved her argument for appeal. Rule 5A:18.

[7] In the version of the statute in effect when the parties signed the lease, this provision was contained in subsection G of Code § 55.1-1204. 2020 Va. Acts chs. 985, 986. Additionally, Code § 55.1-1204(H) was amended in 2024 to shorten the time in which the landlord must

The statute also provided, "the landlord shall not file or maintain an action against the tenant in a court of law for any alleged lease violation until he has provided the tenant with the statement of tenant rights and responsibilities."[8] *Id.* Yet the statute expressly provided that "[t]he failure of the landlord to deliver such a rental agreement and statement shall not affect the validity of the agreement." *Id.*

"'When the language of a statute is unambiguous, we are bound by the plain meaning of that language' and must 'give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity.'" *Bland-Henderson*, 303 Va. at 218 (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)). "[T]he plain, obvious and rational meaning of a statute is always to be preferred to any curious, narrow or strained construction." *Commonwealth v. Delaune*, 302 Va. 644, 655 (2023) (alteration in original) (quoting *City of Charlottesville v. Payne*, 299 Va. 515, 527 (2021)). Code § 55.1-1204(H) plainly states that a landlord's failure to deliver the statement of tenant rights and responsibilities "shall not affect the validity of the agreement." Thus, the circuit court correctly concluded that Camden's failure to provide the agreement did not render the lease agreement invalid.

CONCLUSION

Jabeen waived her evidentiary argument by failing to support it with legal authority and argument. Rule 5A:20(e). She failed to preserve with sufficient specificity her argument that Camden's nonrenewal notice was ineffective. Rule 5A:18. And the circuit court correctly

---

provide the statement of tenant rights and responsibilities to within ten days of the lease's starting date. 2024 Va. Acts ch. 831.

[8] Code § 55.1-1204(H) was amended in 2023 as follows: "However, the landlord shall not file or maintain an action, *including any summons for unlawful detainer*, against the tenant in a court of law for any alleged lease violation until he has provided the tenant with the statement of tenant rights and responsibilities." 2023 Va. Acts ch. 450 (emphasis added).

concluded that the lease was not rendered invalid by Camden's failure to provide Jabeen with the statement of tenant rights and responsibilities within the time required by Code § 55.1-1204(H). Accordingly, the circuit court's judgment is affirmed.[9]

*Affirmed.*

---

[9] Between November 2024 and September 2025, Jabeen filed more than 30 motions in this Court seeking a variety of relief, including an emergency injunction and the striking of various filings from the record. We have reviewed the motions and determined that they lack merit, so all Jabeen's pending motions are denied.