Present:  All the Justices

KIM D. TRAN AND JOSEPH NGUYEN,
T/A ROLLING VALLEY NAIL CARE

v.  Record No. 992812    OPINION BY JUSTICE DONALD W. LEMONS
                                        November 3, 2000
BOARD OF ZONING APPEALS OF
FAIRFAX COUNTY, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dennis J. Smith, Judge

In this appeal, we consider three interrelated issues: whether the Board of Zoning Appeals' ("BZA") failure to render a decision on an appeal within 90 days in accordance with Code § 15.2-2312 deprived the BZA of jurisdiction to act; whether continuances allowed by The Zoning Ordinance of Fairfax County, Virginia[1] § 18-306(3) conflict with provisions of Code § 15.2-2312; and whether the BZA's failure to act for 550 days resulted in a denial of due process.

## I.  Background

Kim D. Tran and Joseph Nguyen, trading as Rolling Valley Nail Care ("Nail Care") leased from Harry L. Bedsworth (Bedsworth) an office condominium located in the Rolling Valley Professional Center ("Center"), a commercial townhouse development, consisting of 35 units located in 7 separate

---

[1] The regulations contained in The Zoning Ordinance of Fairfax County, Virginia constitute Chapter 112 of the 1976 Code of the County of Fairfax, Virginia and will be referred to as "zoning ordinance."  All references herein to "Code" will refer to the Virginia Code.

townhouses or low-rise buildings.  The property leased to Nail Care was zoned C-1, Low-rise Office Transitional District.

On October 4, 1996, the Zoning Administrator granted a Non-Residential Use Permit ("Non-RUP") to Nail Care entitling Nail Care to operate a personal service establishment as an accessory service use.  On November 1, 1996, the Rolling Valley Professional Center Condominium Unit Owners Association ("the Association") filed an application for appeal with the BZA challenging the issuance of the Non-RUP to Nail Care.

A public hearing on the matter was originally scheduled for January 28, 1997, but was rescheduled to March 4, 1997, at the request of the Association to "allow Zoning Enforcement the time necessary to evaluate the situation to determine if a violation of the Zoning Ordinance exist[ed]."  The March 4, 1997 hearing was again rescheduled at the request of the Association in order to allow the BZA "additional time to further investigate the circumstances surrounding the issuance of the Non-Residential Use Permit."  The hearing was rescheduled five more times, always at the request of the Association, until it finally took place on May 5, 1998, 550 days after the date of the Association's appeal.  No objection was made by Nail Care to any of these continuances.  By unanimous decision dated May 13, 1998, the BZA reversed the Zoning Administrator's issuance of the Non-RUP.

Nail Care instituted two actions in the Circuit Court of Fairfax County on June 2, 1998. The first action was a petition for a writ of certiorari seeking reversal of the BZA's decision and the second was a petition for declaratory judgment asking the trial court to declare zoning ordinance § 18-306(3) invalid because it conflicted with Code § 15.1-496.2. Additionally, the Zoning Administrator filed a bill of complaint for declaratory judgment and injunctive relief seeking enforcement of the zoning ordinance and injunctive relief against further violation. The three proceedings were consolidated.

The trial court upheld the position taken by the BZA, holding that "the provision of Va. Code § 15.2-2312 relating to the time for decision of appeal is merely directory and procedural, not mandatory and jurisdictional, and therefore the BZA did not lack jurisdiction to act upon such appeal beyond ninety days." Having determined that the BZA did not lose power to hear the matter after passage of 90 days from the filing of the appeal from the zoning administrator's decision, the trial court held that zoning ordinance § 18-306(3) permitting continuances is not in conflict with Code § 15.2-2312. Finally, the trial court declared that Nail Care's use of the premises violated applicable zoning

3

requirements and enjoined future violation.  Nail Care appeals the adverse judgment of the trial court.

On appeal, Nail Care contends that the trial court erred in holding that the BZA had jurisdiction to render a decision on the Association's appeal because it was not made within 90 days of the filing of appeal.  Nail Care further argues that zoning ordinance § 18-306(3) pertaining to continuances is in conflict with Code § 15.2-2312 and that the delay in the BZA's decision denied it due process of law.

## II.  Analysis

Code § 15.2-2312 (formerly Code § 15.1-496.2)[1] provides in part that, "[t]he board shall fix a reasonable time for the hearing of an application or appeal, give public notice thereof as well as due notice to the parties in interest and make its decision within ninety days of the filing of the application or appeal."  Nail Care argues that by use of the word "shall" in the statute, the intent of the legislature was that an appeal to the BZA must be concluded within 90 days.

We have long held that "[c]ourts, in endeavoring to arrive at the meaning of language in a will, contract, or a

---

[2] Code § 15.1-496.2 was repealed by Acts 1997 c.587, effective December 1, 1997.  The language of Code § 15.2-2312, enacted in 1997, is identical to that of Code § 15.1-496.2. The trial court referred to these sections interchangeably. For purposes of this opinion we will refer to Code § 15.2-2312.

4

statute, often are compelled to construe 'shall' as permissive in accordance with the subject matter and content." Fox v. Custis, 236 Va. 69, 77, 372 S.E.2d 373, 377 (1988). Moreover, we have repeatedly stated that "the use of the word 'shall' in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent." Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994). We applied this well-established principle in Jamborsky, and held that a circuit court's failure to examine certain papers and enter an order either remanding a case to the juvenile court or advising the Commonwealth's Attorney that he may seek an indictment under former Code § 16.1-269(E), which governed the transfer of a juvenile to stand trial as an adult, was a procedural requirement rather than a prerequisite to jurisdiction. Additionally, we observed that the statute "contains no prohibitory or limiting language that prevents the circuit court from entering its order beyond the expiration of the 21-day period." 247 Va. at 511, 442 S.E.2d at 638-39.

In Commonwealth v. Rafferty, 241 Va. 319, 402 S.E.2d 17 (1991), we construed former Code § 18.2-268(Q), which provided that an executed certificate of refusal to take a blood or breath test "shall be attached to the warrant." We said, " '[a] statute directing the mode of proceeding by public

5

officers is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute.' " 241 Va. at 324-25, 402 S.E.2d at 20 (quoting Nelms v. Vaughan, 84 Va. 696, 699, 5 S.E. 704, 706 (1888)).

Code § 15.2-2312 contains no "prohibitory or limiting language" concerning action after the passage of 90 days. Accordingly, we hold that the 90-day time period for appeals in Code § 15.2-2312 is directory rather than mandatory and that the BZA did not lose jurisdiction to render a decision on appeal of the Zoning Administrator's action after 90 days had passed.

Although we have determined that the BZA is permitted to render a decision on appeal more than 90 days after the filing of the appeal, failure to adhere to statutory time requirements may result in dismissal if due process concerns are not met. In Commonwealth v. Wilks, 260 Va. 194, 530 S.E.2d 665 (2000), we considered whether the requirement of filing notices of seizure for forfeiture was procedural or jurisdictional in nature. Although we held that the notice requirements were procedural, we noted that "our decision is based on the uncontroverted fact that the putative owners did not suffer any prejudice as a result of the delay in giving notice." Id. at 201, 530 S.E.2d at 668. An assessment of

6

whether an individual has "suffered prejudice constituting a denial of due process must be made on a case-by-case basis." Id.

Nail Care has presented no evidence supporting its claim of prejudice or harm as a result of the 550 days that passed before the BZA rendered a decision on the Association's appeal. Additionally, Nail Care failed to object to any of the continuances which caused the lengthy delay. Accordingly, we find no merit to the contention that Nail Care was deprived of due process.

Nail Care also argues that the BZA's grants of continuances to the Association beyond 90 days, pursuant to zoning ordinance § 18-306(3), conflict with Code § 15.2-2312. Zoning ordinance § 18-306(3) states that, "[t]he BZA shall render a decision on all applications for appeal within ninety (90) days from the date of acceptance, unless an extended period is mutually agreed to by the appellant and the BZA." Nail Care's argument is premised entirely upon its contention that the 90-day period for deciding an appeal set forth in Code § 15.2-2312 is mandatory rather than directory in nature. Having resolved that issue contrary to the premise, we conclude that the zoning ordinance permitting continuances is not in conflict with Code § 15.2-2312.

### III.  Conclusion

7

We hold that the time requirement in Code § 15.2-2312 is directory and not mandatory, that zoning ordinance § 18-306(3) does not conflict with Code § 15.2-2312, and that Nail Care has shown no prejudice in support of its claim of denial of due process.  Accordingly, we will affirm the judgment of the trial court.

Affirmed.