PRESENT:  All the Justices

JOSEPH BOYD RICKMAN

v.  Record No. 161489

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE D. ARTHUR KELSEY
December 28, 2017

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

Joseph Boyd Rickman appeals a civil-commitment order entered pursuant to the Sexually

Violent Predators Act, Code § 37.2-900 to -921 ("SVPA").  He claims that the circuit court's

violation of a scheduling deadline for the initial probable-cause hearing required the circuit court

to dismiss with prejudice the SVPA petition.  We hold that this statutory procedural requirement,

even if violated, did not require the relief that Rickman seeks.

I.

In 2003, Rickman was convicted of five counts of aggravated sexual battery, two charges

of forcible sodomy, one charge of abduction of a minor, one charge of object sexual penetration,

one charge of taking indecent liberties with a minor, and one charge of contributing to the

delinquency of a minor.  The circuit court sentenced Rickman to 75 years of imprisonment with

60 years suspended.  The charges arose from Rickman's sexual abuse of two biological children

and two step-children over a period of several years.

In contemplation of his impending release from custody, on August 28, 2015, the

Commonwealth filed a petition to have Rickman civilly committed.  Pursuant to Code § 37.2-

906(A)(ii), "the circuit court shall . . . schedule a hearing within 90 days to determine whether

probable cause exists to believe that the respondent is a sexually violent predator."  This

subsection further provides that "[t]he respondent may waive his right to a hearing" and that

either party may request a continuance to extend the hearing beyond 90 days "upon good cause shown or by agreement of the parties." Code § 37.2-906(A)(ii). Thus, the deadline for a probable-cause hearing was November 26, 2015, absent Rickman's waiver or a request for a continuance.

Seeking to set a date for the probable-cause hearing, the parties exchanged a series of emails beginning in September 2015. They attempted to find an available date for the assistant attorney general, the Commonwealth's expert, Rickman's court-appointed counsel, and the circuit court. Rickman's counsel initially asked the assistant attorney general for "suggested dates" within the 90-day period. 1 J.A. at 77. The parties eventually settled on January 8, 2016, as the most convenient and mutually available date.

In an email to the assistant attorney general and to a circuit court docket clerk, Rickman's counsel acknowledged that she was available on January 8, 2016, but advised that she "[would] need to note an objection" if the circuit court set the hearing beyond the 90-day period. *Id.* at 87. However, at no point prior to the expiration of the 90-day period did either party file a motion for a continuance to extend the time for a hearing beyond 90 days or otherwise seek the intervention of the court.

Less than two weeks after the expiration of the 90-day period, Rickman filed a motion to dismiss the SVPA petition, claiming that the circuit court had violated Code § 37.2-906(A)(ii). The circuit court initially granted the motion to dismiss but later, upon the Commonwealth's motion for reconsideration, denied it on the ground that Rickman had acquiesced to a hearing date beyond the 90-day period by failing to file an objection or motion to dismiss with the circuit court before its expiration. The circuit court's letter opinion suggested that, had there been no such acquiescence, the only appropriate remedy for the scheduling violation would be to dismiss

2

the SVPA petition. *Id.* at 280 (reasoning that "[i]f [the statute] is mandatory, the [c]ourt must determine if [Rickman] acquiesced to a date beyond the 90 days"); *see also id.* at 134.

Over the course of several hearings, the circuit court found probable cause that Rickman was a sexually violent predator and subsequently addressed the merits of the SVPA petition. Upon reviewing the factors set forth in Code § 37.2-912(A), the circuit court determined that Rickman needed secure inpatient treatment "and that his conditional release [would] present an undue risk to public safety." 2 *id.* at 547-48. The circuit court civilly committed Rickman, finding "no suitable less restrictive alternative to involuntary, secure inpatient treatment." *Id.* at 548.

## II.

Rickman argues on appeal that the SVPA petition should have been dismissed with prejudice because the circuit court set the probable-cause hearing beyond the 90-day period required by Code § 37.2-906(A)(ii). Denying that he waived this statutory right and pointing out that the circuit court never entered a continuance order, Rickman contends the "plain language of the statute" required that "the action filed should be dismissed." Appellant's Br. at 14. Any other view, Rickman contends, denudes the "shall" command in Code § 37.2-906(A)(ii) of its intended remedy. We disagree.

### A. THE MANDATORY-DIRECTORY DISTINCTION

Our reasoning begins with the nuanced but stark demarcation between rights and remedies that exists in nearly every area of jurisprudence. While judicial remedies are necessarily "premised on the violation of . . . legal rights," the law treats "the choice or calculation of the related relief as a separate and distinct task." Kent Sinclair, Sinclair on Virginia Remedies § 1-1, at 1-4 (5th ed. 2016). A party to a contract, for example, has a legal

3

right to hold another party to his contractual promises.  But if that right is breached, the aggrieved party can recover monetary damages only to the extent he suffers any.  The same can be said for a victim whose rights have been violated by a tortfeasor's negligence.  Even so, in neither of these scenarios would we say that the inability to obtain a remedy really meant no right ever existed in the first place.  In the traditional lexicon of the law, the existence of a right is the first, necessary step — not the final, sufficient step — toward obtaining a remedy.[1]

The distinction between mandatory and directory statutes embraces this dichotomy.  The common canard is that a mandatory statute uses a "shall" command and actually means "shall" whereas a directory statute uses a "shall" command but really means "may."  *See, e.g.*, *Chahoon v. Commonwealth*, 61 Va. (20 Gratt.) 733, 778-79 (1871) (Staples, J., dissenting) (characterizing a statute held to be directory as able to be "disposed of when in the way of the caprice or will of the judge" and able "to be disregarded at the pleasure of the court").  This reductionist view sounds pithy but is too simplistic.

Properly understood, a "shall" command in a statute always means "shall," not "may."  No litigant or court should willfully disregard such a legislative command.  A "shall" command in a *mandatory* statute carries with it a specific, exclusive remedy — sometimes one that is wholly unconcerned with the presence or absence of prejudice or any resulting harm.  As explained below, an example of this would be the Speedy Trial Act, Code § 19.2-243, which

---

[1] The very concept of an award of nominal damages — often used to denote the recognition of a violation of rights for which no remedy can be afforded — presupposes this rights-remedy distinction.  *See generally* Sinclair, *supra*, § 3-2, at 3-16 ("Nominal damages consist of a trivial amount of money awarded as a sign that plaintiff's injury is legally cognizable, although not compensable, and that defendant is liable.  An award of nominal damages is appropriate when there is a legal right to be vindicated against an invasion that has produced no actual, present loss of any kind or where, from the nature of the case, some injury has been done but the proof fails to show the amount.").

expressly requires that an accused "be forever discharged from prosecution for [an] offense" if a trial for the accused takes place beyond certain time limits.

Conversely, a "shall" command in a *directory* statute carries no specific, exclusive remedy. Instead, it empowers the court to exercise discretion in fashioning a tailored remedy, if one is called for at all. As one commentator has succinctly explained:

> The terms mandatory and directory are only descriptive of the effect that should be given to a statutory provision. There is no essential difference in statutes whereby their mandatory or directory character can be identified in order to determine their effect. No statutory provisions are intended by the legislature to be disregarded; but where the consequences of not obeying them in every particular are not prescribed, the courts must judicially determine them.

3 Norman J. Singer & J.D. Shambie Singer, Sutherland's Statutes and Statutory Construction 2 (7th ed. 2008). The issue in this context is not so much one of "construction or interpretation" but "rather of application." Theodore Sedgwick, A Treatise on the Rules Which Govern the Interpretation and Application of Statutory and Constitutional Law 369 (1857). Even when "[t]he statute is sufficiently clear," the question remains, "what shall be the consequence of a disobedience of its directions?" *Id.*

Under Virginia law, "the use of the term 'shall' in a statute is generally construed as directory rather than mandatory," and, consequently, no specific, exclusive remedy applies unless "the statute manifests a contrary intent." *Hood v. Commonwealth*, 280 Va. 526, 541, 701 S.E.2d 421, 429-30 (2010) (quoting *Jamborsky v. Baskins*, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994)). We have "repeatedly" reaffirmed this principle in a variety of contexts. *Tran v. Board of Zoning Appeals*, 260 Va. 654, 657-58, 536 S.E.2d 913, 915 (2000); *see also Coleman v. M'Murdo*, 26 Va. (5 Rand.) 51, 82 (1827) (opinion of Green, J.) ("[W]hen a statute gives a right and does not prescribe the remedy, the Courts are bound to devise the proper remedy . . . .").

5

For example, a statute requiring that a court "shall" schedule within a certain period of time a hearing on a grievance appeal "is directory and procedural rather than mandatory and jurisdictional, because it merely directs the mode of proceeding by the circuit court." *Horner v. Department of Mental Health, Mental Retardation & Substance Abuse Servs.*, 268 Va. 187, 194, 597 S.E.2d 202, 206 (2004). A statute requiring that a copy of the jury venire panel "shall" be given to counsel 48 hours before trial is "directory rather than mandatory," and "[t]hus, a failure to comply with those provisions is not a per se basis for reversing a trial court's judgment in either a civil or a criminal case." *Butler v. Commonwealth*, 264 Va. 614, 620, 570 S.E.2d 813, 816 (2002). A statute requiring a board of zoning appeals to hear and decide a case within 90 days is "directory rather than mandatory," and thus, an appeal decided outside that time frame need not be dismissed in the absence of prejudice. *Tran*, 260 Va. at 658, 536 S.E.2d at 916.[2]

---

[2] *See also Commonwealth v. Wilks*, 260 Va. 194, 200, 530 S.E.2d 665, 667 (2000) (holding that a statute requiring notice within 21 days for seizure for forfeiture was directory because it "contain[ed] no prohibitory or limiting language" and "[did] not affect the power of the circuit court to adjudicate the forfeiture proceeding"); *Jackson v. Commonwealth*, 255 Va. 625, 643, 499 S.E.2d 538, 549 (1998) (holding that the period of time in which a circuit court must review a juvenile court's transfer order was not jurisdictional and that the failure to conduct a review within that time "did not invalidate the review"); *Jamborsky*, 247 Va. at 511, 442 S.E.2d at 638-39 (holding that a statute requiring a circuit court to execute a procedural requirement within 21 days was directory because the statute did not manifest an intent to restrict the circuit court's jurisdiction if the circuit court executed the procedure beyond 21 days); *Commonwealth v. Rafferty*, 241 Va. 319, 325, 402 S.E.2d 17, 20 (1991) (holding that a statute requiring the attachment of a magistrate's certificate of refusal to a warrant was directory because the "use of the word 'shall' [was not] a sufficient legislative declaration making attachment of the certificate essential to the validity of [the] proceeding"); *Turner v. Commonwealth*, 216 Va. 666, 668, 669, 222 S.E.2d 517, 519, 520 (1976) (holding that the "[f]ailure to give *written* notice of a transfer hearing [was] . . . a mere procedural defect," and not jurisdictional, because "the *form* of notice and the *method* of giving notice [were] ordinarily considered matters of procedural and not substantive due process" (emphases in original)); *Huffman v. Kite*, 198 Va. 196, 203-04, 93 S.E.2d 328, 333 (1956) (holding that a provision requiring the filling of a school board vacancy within 30 days of vacation was directory because "[i]t [was] not intended to fix a time limitation upon the power of the court or judge in vacation to make an appointment . . . or to invalidate a tardy appointment"); *Nelms v. Vaughan*, 84 Va. 696, 699, 5 S.E. 704, 706 (1888) (holding that a provision requiring an oath to be subscribed to

## B. THE SVPA'S SCHEDULING REQUIREMENT

Code § 37.2-906(A)(ii) states that "the circuit court shall . . . schedule a [probable-cause] hearing within 90 days." Nothing in the statute, however, provides that a court must dismiss the SVPA petition with prejudice if it holds the hearing beyond that deadline. Rickman sees that omission as an irrelevant redundancy because the shall-means-shall command carries with it an implicit shall-not command, which, if violated, requires that the SVPA petition be dismissed with prejudice. The court should dismiss the SVPA petition, Rickman contends, for the same reason a criminal prosecution must be dismissed when a court fails to schedule a trial within the deadlines of the Speedy Trial Act.

We appreciate the analogy to the Speedy Trial Act but find it unpersuasive. The Speedy Trial Act expressly includes two "shall" commands: (1) a trial "shall" be scheduled within certain time limits and (2) if the court inexcusably fails to do so, the defendant "shall be forever discharged from prosecution for such offense." Code § 19.2-243. The "remedy is draconian," John L. Costello, Virginia Criminal Law and Procedure § 52.3[4], at 864 (4th ed. 2008), because it functions as a de facto "legislative pardon," *id.* (quoting *Flanary v. Commonwealth*, 184 Va. 204, 208, 35 S.E.2d 135, 137 (1945)), a remedy far more favorable to the accused than the highly discretionary "balancing" standard that courts apply to the Sixth Amendment's requirement for a speedy trial, *Howard v. Commonwealth*, 281 Va. 455, 462, 706 S.E.2d 885, 889 (2011) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

Unlike the Speedy Trial Act, the SVPA conspicuously omits any "shall" command requiring dismissal of the petition as the specific, exclusive remedy for a scheduling violation.

---

and attached to a petition was "directory, [because] a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute").

7

Because of this omission, which we presume to be purposeful,[3] the SVPA's scheduling requirement serves as a directory, not mandatory, statutory command. The structure of the SVPA confirms this conclusion. A dismissal of an SVPA petition after the respondent has been released from incarceration, assuming he remains so,[4] would effectively extinguish the statutory predicate for considering a later-filed petition. *See Townes v. Commonwealth*, 269 Va. 234, 240-41, 609 S.E.2d 1, 4 (2005) (holding "that a prisoner must be serving an active sentence for a sexually violent offense . . . at the time he is identified as being subject to the SVPA").[5] This dismissal-with-prejudice consequence would result even if the respondent suffered zero prejudice and even if the delay was a single day beyond the 90-day period. There could be no doubt that such a result would be warranted if the SVPA's text expressly required it. But it does not. And we will not judicially imply this remedy as the specific, exclusive response to a violation of the 90-day period required by Code § 37.2-906(A)(ii).

That is not to say that dismissal of an SVPA petition, despite its consequential finality, can never be an appropriate remedy for a violation of the statutory scheduling deadline. A circuit court always has the discretion to dismiss an SVPA petition if due-process concerns justify that remedy. *See, e.g.*, *Tran*, 260 Va. at 658, 536 S.E.2d at 916 (stating that a violation of a directory statute "*may* result in dismissal if due process concerns are not met" (emphasis

---

[3] We "presume that the legislature chose, with care, the" specific words of the statute. *Tvardek v. Powhatan Vill. Homeowners Ass'n, Inc.*, 291 Va. 269, 277, 784 S.E.2d 280, 284 (2016) (citation omitted). "The act of choosing carefully some words necessarily implies others are omitted with equal care." *Central Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield*, 42 Va. App. 264, 280, 590 S.E.2d 631, 640 (2004) (citation omitted).

[4] *See Rhoten v. Commonwealth*, 286 Va. 262, 271-72, 750 S.E.2d 110, 114-15 (2013).

[5] At oral argument, the Commonwealth agreed that the dismissal Rickman seeks would be "with prejudice" due to the nature of the preconditions necessary for filing an SVPA petition. *See* Oral Argument Audio at 21:50 to 22:38.

added)).  Included among the range of additional options are orders granting a conditional, temporary release of a respondent, orders expediting the SVPA proceeding, and orders allowing or disallowing evidence at the probable-cause hearing.  The court should make its discretionary, remedial decision based upon a commonsense balancing of the prejudice, if any, to the respondent, the length of the delay, the reasons for the delay, and the presence, if any, of bad faith by the Commonwealth in the scheduling process.  *Cf. Barker*, 407 U.S. at 530 & n.30 (employing an analogous balancing test under the Sixth Amendment).

## C.  RICKMAN'S DELAYED HEARING

In this case, Code § 37.2-906(A)(ii) imposed on "the circuit court" the duty to schedule a timely hearing and, failing that, to either secure the respondent's waiver of the deadline or to enter a continuance order "upon good cause shown or by agreement of the parties."  Rickman's probable-cause hearing occurred on an available date for the circuit court, the Commonwealth, the expert witness, and Rickman's counsel.  But it was set on January 8, 2016 — 43 days beyond the 90-day period and without the entry of a continuance order.

The circuit court held that Rickman waived his right to a hearing within the 90-day period by acquiescing to a hearing date beyond the deadline and by failing to file an objection prior to the expiration of the deadline.  The court acknowledged the email exchange between counsel and a docket clerk of the circuit court, in which Rickman's counsel sought to preserve the objection to the hearing date.  *See* 1 J.A. at 277-78.  The court, however, pointed out that "it acts on properly filed motions; it does not act on emails" and further found that "the facts embodied in the various emails do not support [Rickman's] contention that an objection was noted."  *Id.* at 285.

9

We need not address the circuit court's waiver rationale because we hold that, even if Rickman did not waive his objection, the SVPA does not require dismissal with prejudice as the specific, exclusive remedy for the claimed scheduling violation. The statute includes no "prohibitory or limiting language that prevents [the circuit court] from proceeding" or that "renders the result of" the proceeding "invalid." *Butler*, 264 Va. at 619-20, 570 S.E.2d at 816. By itself, that observation ends this appeal because the only remedy Rickman sought from the circuit court — a dismissal with prejudice — was not required as a matter of law. He did not claim that the delay in any way prejudiced his defense of the SVPA petition. Nor did he request a conditional release pending the delayed probable-cause hearing or assert that the court should have allowed or disallowed evidence at the probable-cause hearing because of the delay.

For this reason, the circuit court did not abuse its discretion by refusing to dismiss the SVPA petition. We thus affirm and leave untouched the circuit court's ultimate determination that Rickman's status as a sexually violent predator required "involuntary, secure inpatient treatment" because "no suitable less restrictive alternative" existed.[6] 2 J.A. at 548. Though we affirm the circuit court, we do so with substantially different legal reasoning. "For our purposes," however, "it does not matter." *Evans v. Commonwealth*, 290 Va. 277, 288 n.12, 776 S.E.2d 760, 765 n.12 (2015). When appellate courts affirm, they "enforce not a [lower] court's reasoning, but the court's *judgment*." *Alexandria Redev. & Hous. Auth. v. Walker*, 290 Va. 150,

---

[6] Rickman contends that due-process principles independently required the dismissal of his SVPA petition as a remedy for the violation of the 90-day period that was required by Code § 37.2-906(A)(ii). We disagree. When a court must decide the appropriate remedy for a violation of a directory statute, "any determination [about] whether a [party] has suffered prejudice constituting a denial of due process must be made on a case-by-case basis." *Butler*, 264 Va. at 620, 570 S.E.2d at 816-17 (citation omitted). Because Rickman claims no prejudice as a consequence of the delay, he can claim no due-process violation. *See Tran*, 260 Va. at 658, 536 S.E.2d at 916; *Wilks*, 260 Va. at 201, 530 S.E.2d at 668; *Jamborsky*, 247 Va. at 511, 442 S.E.2d at 639.

10

156 n.1, 772 S.E.2d 297, 300 n.1 (2015) (emphasis in original) (quoting *Jennings v. Stephens*,

___ U.S. ___, ___, 135 S. Ct. 793, 799 (2015)).[7]  Though often called the right-result-wrong-

reason doctrine,[8] the underlying idea is better described as the right-result-*different*-reason

doctrine in cases, such as this one, in which we express no view on the correctness of the lower

court's rationale.

III.

In sum, the circuit court did not err by denying Rickman's motion to dismiss the SVPA

petition on the ground that the probable-cause hearing did not occur during the 90-day period as

required by Code § 37.2-906(A)(ii).  We thus affirm.

*Affirmed.*

---

[7] *See also Cherrie v. Virginia Health Servs., Inc.*, 292 Va. 309, 319, 787 S.E.2d 855, 860 (2016).  *See generally Perry v. Commonwealth*, 280 Va. 572, 578-82, 701 S.E.2d 431, 435-37 (2010).

[8] *See, e.g.*, *Miller & Rhoads Bldg., L.L.C. v. City of Richmond*, 292 Va. 537, 542, 790 S.E.2d 484, 486 (2016).