PRESENT: All the Justices

TRAVIS BLAND-HENDERSON

v. Record No. 230327

COMMONWEALTH OF VIRGINIA

OPINION BY
CHIEF JUSTICE S. BERNARD GOODWYN
June 20, 2024

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether Code § 19.2-295 gives a criminal defendant the right to request jury sentencing after the statutory deadline to make such a request has passed. We also consider whether Code § 19.2-262.01 gives the court or counsel for either party the right, during voir dire, to inform the jurors as to the potential range of punishment faced by the criminal defendant, if it is known that the defendant will not be sentenced by the jury in the sentencing phase of the trial.

## I. BACKGROUND

Travis Alexander Bland-Henderson was charged in the Circuit Court of the City of Richmond with unlawfully possessing a firearm after having been convicted of a violent felony. The mandatory minimum sentence for the offense is five years, which is also the statutory maximum sentence for the offense. Code §§ 18.2-308.2(A); 18.2-10(f).

Bland-Henderson, who was to be tried by a jury, filed a "Notice of Demand for Jury Sentencing" pursuant to Code § 19.2-295. Under that statute, the trial court will, by default, sentence a defendant in the sentencing phase of a criminal jury trial, unless the defendant requests jury sentencing. Code § 19.2-295. The statute further provides: "[s]uch request for a jury to ascertain punishment *shall* be filed as a written pleading with the court *at least 30 days*

*prior to trial*." *Id*. (Emphasis added). Bland-Henderson missed the statutory deadline to file his request for jury sentencing, filing his notice only 13 days before trial.

The Commonwealth objected to Bland-Henderson's request for jury sentencing as untimely. Bland-Henderson acknowledged that he had filed the request late, but argued that his untimeliness did not eliminate his statutory right to be sentenced by the jury. Bland-Henderson asserted that the correct remedy for his untimely request would not be to deny his request for jury sentencing, but rather to grant a potential motion from the Commonwealth for a continuance, if the Commonwealth needed time to prepare for the jury sentencing.

The circuit court noted that Code § 19.2-295 states that the defendant "shall" file a request for jury sentencing "at least 30 days before trial." The circuit court inquired why failing to meet the deadline, which Bland-Henderson could have met, would give Bland-Henderson the right to a continuance, since "the statute says shall, it doesn't say may. Shall be done. It's a limit. You don't do it, you don't get a jury sentencing." The circuit court pointed out that if defendants were afforded the right to arbitrarily file requests for jury sentencing after the statutory deadline, criminal proceedings would constantly be interrupted by requests for jury sentencing on the day of trial, resulting in thirty-day or more continuances to enable the prosecution to prepare for that mode of sentencing.

The circuit court denied Bland-Henderson's request for jury sentencing, and further explained that the Commonwealth had objected to jury sentencing, so Bland-Henderson could either go forward with judge sentencing, or Bland-Henderson could move for a continuance. Bland-Henderson did not move for a continuance at that point, and reiterated that even though he filed his request for jury sentencing late, jury sentencing remained "his statutory right."

Citing Code § 19.2-262.01, Bland-Henderson then argued that, even though the jury would not be doing the sentencing, he still had the statutory right to inform the jury panel about the mandatory minimum sentence that would be imposed following a guilty verdict. The circuit court disagreed, and noted that Code § 19.2-262.01 permits voir dire on the potential range of punishment only for the purpose of determining whether a prospective juror "can sit impartially at sentencing." The circuit court asserted that voir dire on sentencing ranges was appropriate only when the jury was doing the sentencing, because, in such an instance, that line of questioning would be relevant to the potential jurors' impartiality in sentencing the defendant. It concluded that since Bland-Henderson was going to be sentenced by the court, voir dire concerning sentencing ranges would be "completely irrelevant" and would only serve to ask for a jury pardon. Accordingly, the circuit court held that Bland-Henderson did not have the right to inform the jury regarding the mandatory minimum sentence for the offense.

Thereafter, Bland-Henderson moved for a continuance; the circuit court denied the motion. The trial proceeded, and the jury returned a verdict of guilty. The circuit court sentenced Bland-Henderson to the mandatory minimum sentence of five years' incarceration, with six months' post-release supervision.

Bland-Henderson appealed his conviction to the Court of Appeals. He argued that the circuit court erred in ruling that the "shall" in Code § 19.2-295(A), regarding the timing of a criminal defendant's request for jury sentencing, is mandatory. He also argued that even if he had waived jury sentencing, he was still entitled to inform potential jurors of the mandatory minimum sentence for the offense.

Regarding the nature of the word "shall" in Code § 19.2-295, the Court of Appeals noted that when the word "shall" in a statute is directed at public officers, it is generally deemed to be

3

directory instead of mandatory unless otherwise provided by the statute. *Henderson v. Commonwealth*, 77 Va. App. 250, 264-67 (2023). As a "natural corollary" to this observation, the Court of Appeals created a presumption that the word "shall" means "must" "when the statute in question commands action *by a private litigant*, unless the context suggests otherwise." *Id.* at 267 (emphasis added).

The Court of Appeals applied this new presumption in its analysis of Code § 19.2-295(A), and held that the requirement that a defendant "shall" file a request for jury sentencing "at least 30 days prior to trial" was mandatory. *Id.* at 267-68. Because nothing suggested that this "shall" was merely directory, the Court of Appeals stated that the circuit court "did not err in concluding that it lacked discretion to permit a late filing." *Id.* at 268. Thus, the Court of Appeals affirmed the circuit court, ruling that the circuit court had "correctly concluded that Bland-Henderson waived his request for jury sentencing by failing to submit his demand at least 30 days before trial." *Id.* at 269.

Regarding voir dire, the Court of Appeals stated that, under Code § 19.2-262.01, questioning potential jurors about sentencing ranges is proper only "to ascertain if the person or juror can sit impartially *in the sentencing phase of the case*." *Id.* (citing Code § 19.2-262.01) (emphasis in original). Thus, the Court of Appeals held that if the jury would not be sentencing the defendant, voir dire on sentencing ranges is not permitted, since that line of questioning would be irrelevant and would only encourage jury nullification. *Id.* (citing *Rock v. Commonwealth*, 76 Va. App. 419, 431 (2023)). It affirmed the circuit court on that issue also. *Id.*

Bland-Henderson appeals. We granted two assignments of error:

1. The Court of Appeals erred by affirming the trial court's denial of Mr. Bland-Henderson's request for jury sentencing.

2. The Court of Appeals erred by affirming the trial court's prohibition of Mr. Bland-Henderson from questioning the jury panel on the applicable punishment ranges.

## II. ANALYSIS

We review issues of statutory construction de novo. *Wright v. Commonwealth*, 278 Va. 754, 759 (2009). "When the language of a statute is unambiguous, we are bound by the plain meaning of that language" and must "give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007).

### A. Request for Jury Sentencing

Code § 19.2-295 provides that a criminal defendant who is found guilty in a jury trial shall be sentenced by the court, unless the defendant has requested jury sentencing. The statute states that the defendant's request for jury sentencing "shall be filed as a written pleading with the court at least 30 days prior to trial." Code § 19.2-295. Bland-Henderson contends that the "shall" command in Code § 19.2-295, that instructs a defendant to file a request for jury sentencing at least 30 days prior to trial, is directory and not mandatory.

As we have previously stated in *Rickman v. Commonwealth*, "a 'shall' command in a statute always means 'shall,' not 'may.'" 294 Va. 531, 537 (2017). This rule applies to all "shall" commands, regardless of whether the commands are directed at private litigants or at public officers. *See id.* (stating that "[n]o litigant or court should willfully disregard" a "shall" command).

While a "shall" command can be described as either mandatory or directory, this technical distinction does not change the meaning of the word "shall." Nor does this distinction

5

change the requirement that the individual addressed obey the command. Instead, this distinction is simply a function of what consequence results if the command is not followed.

A mandatory "shall" command "carries with it a specific, exclusive remedy," while a directory "shall" command does not. *Id*. The nature of a particular "shall" command—whether mandatory or directory—depends entirely on the legislature's intended meaning as discerned from "the nature, context, and purpose" of the relevant statute. *Huffman v. Kite*, 198 Va. 196, 202 (1956).

We now consider the nature, context, and purpose of the disputed "shall" command in Code § 19.2-295(A).[1] The statute establishes the default rule that the court will determine the defendant's sentence but gives a criminal defendant the right to be sentenced by the jury, if the defendant so requests. However, it requires that the defendant's request for jury sentencing "shall be filed . . . at least 30 days prior to trial." *Id.* Thus, while this statute grants a right to jury sentencing, it also qualifies that right by identifying the timeframe within which the right must be asserted.

The "shall" command at issue in this case is directed at the defendant: the request for jury sentencing "shall" be filed "at least 30 days prior to trial." *Id.* This "shall" command does not contain any exception for late filing, nor does the statute as a whole indicate that the defendant has any right to be sentenced by the jury if the request is filed beyond the statutory deadline.

---

[1] The statute provides:

> Within the limits prescribed by law, the court shall ascertain the term of confinement in the state correctional facility or in jail and the amount of fine, if any, when a person is convicted of a criminal offense, unless the accused is tried by a jury and has requested that the jury ascertain punishment. Such request for a jury to ascertain punishment *shall* be filed as a written pleading with the court at least 30 days prior to trial.

Code § 19.2-295(A) (emphasis added).

6

This "shall" command is mandatory in nature because if the defendant fails to request jury sentencing within the statutory timeframe for claiming that right, the statutory default applies—the court shall sentence the defendant. In other words, if the defendant does not request jury sentencing "at least 30 days prior to trial," the defendant has waived the statutory right to jury sentencing. Thus, the "shall" directed at the defendant in Code § 19.2-295(A) is mandatory.

In this case, Bland-Henderson failed to comply with the mandatory "shall" command in Code § 19.2-295(A) by missing the statutory deadline to file his request for jury sentencing. By filing late, he waived his statutory right to jury sentencing, just as the circuit court held.[2] The Court of Appeals correctly affirmed the holding that Bland-Henderson waived his right to jury sentencing.

However, we note that our reasoning differs with that of the Court of Appeals. In its analysis, the Court of Appeals applied a newly created presumption that a "shall" command is mandatory when directed at private litigants. We do not believe that application of such a presumption is warranted.

Granted, "shall" commands addressed to public officers are typically deemed to be directory instead of mandatory, unless otherwise provided by the statute. *See Nelms v. Vaughan*, 84 Va. 696, 699-700 (1888) (stating that a statute that "direct[s] the mode of proceeding by public officers is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings," unless the statute says otherwise). But this is due to the practical effect of statutes that contain "shall" commands addressed to public officers, which

_____

[2] While a criminal defendant waives the statutory right to jury sentencing by missing the deadline to file the request for jury sentencing, we note that Code § 19.2-295(A) does not prohibit the circuit court from exercising its discretion to grant a continuance in an appropriate case.

often do not provide specific, exclusive remedies for the public officer's violation of the commands, and thus the court is charged with fashioning them. Even with this prevalence of directory "shall" commands being directed at public officers, the nature of a particular "shall" command still depends upon the intended meaning of that word as used in the relevant statute.

While "shall" commands addressed to public officers are often directory in nature, we do not believe that there is a correlating principle that a "shall" command addressed to a private litigant is presumptively mandatory. Instead, the mandatory or directory nature of a particular "shall" command—both when addressed to a private litigant and when addressed to a public officer—depends upon the General Assembly's intended meaning of that word, which is discerned from "the nature, context, and purpose" of the relevant statute. *Huffman*, 198 Va. at 202. There is no presumption.

In sum, the circuit court did not err in ruling that Bland-Henderson had waived his right to jury sentencing by failing to file his request at least 30 days prior to trial, and the Court of Appeals correctly affirmed that ruling. While rejecting the view that there is a presumption as stated by the Court of Appeals, we affirm the judgment of the Court of Appeals because the nature, context, and purpose of the relevant "shall" command in Code § 19.2-295, indicates that it is mandatory.[3]

---

[3] *See Rickman*, 294 Va. at 542 (describing the right-result-different-reason doctrine).

B.  Voir Dire on Sentencing Ranges

Bland-Henderson argues that even when the jury is not sentencing the defendant, Code § 19.2-262.01[4] still gives the parties the statutory right to voir dire the jury panel about sentencing ranges.  We disagree.

The first sentence of Code § 19.2-262.01 states that counsel for either party has the right to ask the jury panel "any relevant question to ascertain whether the juror can sit impartially in either the guilt or sentencing phase of the case."  The third sentence then adds that counsel for either party "may inform" the jury panel about the potential range of punishment "to ascertain if the person or juror can sit impartially *in the sentencing phase of the case*."  *Id.* (emphasis added).  The plain language of this sentence clearly shows that the statutory purpose in allowing voir dire regarding the potential range of punishment is only to determine if the jurors can be impartial *in the sentencing phase*.  If the jury is not sentencing the defendant, voir dire questions about the potential sentence are irrelevant and serve no statutory purpose.  As the circuit court and Court of

---

[4] Code § 19.2-262.01 provides:

> In any criminal case, the court and counsel for either party shall have the right to examine under oath any person who is called as a juror therein and shall have the right to ask such person or juror directly any relevant question to ascertain whether the juror can sit impartially in either the guilt or sentencing phase of the case.  Such questions may include whether the person or juror is related to either party, has any interest in the cause, has expressed or formed any opinion, or is sensible of any bias or prejudice therein.  *The court and counsel for either party may inform any such person or juror as to the potential range of punishment to ascertain if the person or juror can sit impartially in the sentencing phase of the case*.

(Emphasis added).

Appeals correctly noted, the only purpose of questioning a jury about sentencing ranges, when the jury will not be sentencing the defendant, would be to improperly invite jury nullification.

Contrary to what Bland-Henderson argues, Code § 19.2-262.01 does not entirely abrogate our decision in *Commonwealth v. Hill*, 264 Va. 315, 319 (2002). At the time *Hill* was decided, defendants in jury trials were always sentenced by juries. Even so, we held that a defendant in a non-capital case did not have a constitutional or statutory right "to question a jury panel about the range of punishment that may be imposed upon the defendant." *Id*. *Hill* explained that voir dire questions "must be relevant to the factors prescribed in Code § 8.01-358," the statute governing voir dire. *Id.* These factors are (1) relationship to the parties, (2) interest in the cause, (3) formation of any opinions about the case, and (4) bias and prejudice. *Id.* "Questions about the range of punishment are not relevant" to these factors, and will "only result in speculation by jury panel members," who would have no context about the facts of the case or the defendant's criminal history. *Id.* at 319-20. This is still good law.

Code § 19.2-262.01 abrogated *Hill* only to the extent that, now, voir dire questions related to a range of punishment are permissible—but only when the jury will be conducting sentencing and only for the limited purpose of ascertaining whether the potential jurors can impartially sentence the defendant. Voir dire must still be relevant to the four factors listed in *Hill* (relationship to the parties, interest in the cause, formation of any opinions about the case, or known bias and prejudice), which notably are the same four factors that the second sentence of Code § 19.2-262.01 confirms as permissible lines of questioning. If the jury is not sentencing the defendant, questions about the range of punishment are not relevant.

Under Code § 19.2-262.01, there is no absolute right to voir dire jurors regarding potential sentencing ranges, since this line of questioning remains irrelevant and improper when

10

the jury will not be sentencing the defendant. Because Bland-Henderson was not going to be sentenced by the jury, the circuit court correctly prohibited Bland-Henderson from questioning the jury panel about the mandatory minimum sentence. The Court of Appeals correctly affirmed that decision.

## III. CONCLUSION

The Court of Appeals did not err in affirming the circuit court's denial of Bland-Henderson's untimely request for jury sentencing because Bland-Henderson had waived his right to jury sentencing by missing the deadline to request it. However, there is no presumption that "shall" commands directed at private litigants are mandatory. Regarding voir dire, the Court of Appeals did not err in affirming the circuit court's decision to prohibit Bland-Henderson from questioning the jury panel about the mandatory minimum sentence, because voir dire on sentencing ranges is irrelevant to a juror's fitness to serve, when the jury will not be sentencing the defendant.

*Affirmed.*

11