COURT OF APPEALS OF VIRGINIA

Present: Judges Ortiz, Frucci and Bernhard
Argued at Fairfax, Virginia


NATHAN RUSSELL, ET AL.

v.      Record No. 1782-23-4

CONCERTED CARE GROUP
 FREDERICKSBURG, LLC, ET AL.

MEMORANDUM OPINION* BY
JUDGE STEVEN C. FRUCCI
JULY 1, 2025

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
J. Bruce Strickland, Judge

H. Clark Leming (Peter Basanti; Leming and Healy, P.C., on briefs),
for appellants.

Raighne C. Delaney (Allison K. Riddle; Bean, Kinney & Korman,
P.C., on brief), for appellee Concerted Care Group Fredericksburg,
LCC.

No brief or argument for appellees the Board of Supervisors of
Stafford County, Virginia and the Board of Zoning Appeals of
Stafford County, Virginia.


This appeal arises from the Stafford County Circuit Court's order ruling on a variety of

motions that concluded the matters in three related cases involving overlapping issues and

parties. Specifically, the issues relate to notice, zoning, and due process that stem from

Concerted Care Group Fredericksburg, LLC's ("CCG") attempt to open a medical clinic in

Stafford County.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

Nathan Russell, Kristen Halstead, Teresa Hegenbart, Michael Hegenbart, Judith Miller, and Bernard Miller, IV (collectively, the "Homeowners")[1] challenge the circuit court's interpretation of Stafford County Ordinance § 28-295, arguing that (1) the ordinance did not "create additional rights" not contemplated in the Code, (2) the Zoning Administrator's failure to comply with the ordinance invalidated his determination as a matter of law, and (3) the time for appeal started when notice was given to the Homeowners pursuant to Stafford County Ordinance § 28-295. The Homeowners also argue that the circuit court erred in ruling that CCG's rights had vested. For the following reasons, we affirm the circuit court's rulings.

BACKGROUND

CCG is a company that provides outpatient behavioral health treatment to individuals suffering from substance abuse and mental health issues. On January 3, 2023, CCG requested a zoning determination ("Determination") from the Zoning Administrator, inquiring into whether it could "operate a medical clinic" out of one of the units in the Woodlawn Village Shopping Center. The request for determination included where the property was and what CCG's proposed use of the property would be. On March 9, 2023, the Zoning Administrator responded to the request, stating that "it has been determined that the proposed use . . . is an allowed by-right use." On March 24, 2023, Stafford County issued building permits to WASHCO Woodlawn Village, LLC ("WASHCO")[2] for construction on the property. Three days later, construction began.

On July 3, 2023, the Zoning Administrator sent a letter to the Homeowners informing them of the Determination that was issued to CCG in March. The Zoning Administrator sent this

---

[1] Not all the adjoining property owners that were parties in the circuit court case decided to join the appeal. However, for ease of reading, "Homeowners" is used throughout this opinion in reference to the adjoining property owners collectively.

[2] WASHCO is the owner of the Woodlawn Village Shopping Center and CCG's landlord.

letter citing Stafford County Ordinance § 28-295, which states in relevant part, "[u]pon receipt of an application for a zoning administrator determination, the department of planning and zoning shall provide written notice by certified mail to all adjoining property owners." On July 31, 2023, the Homeowners filed an appeal of the Determination to the Board of Zoning Appeals (the "BZA"). The hearing for this appeal was scheduled for September 26, 2023. Because of the appeal and pursuant to Code § 15.2-2311(B),[3] Stafford County stayed the inspections and further construction work on the property. WASHCO and CCG requested work and inspections to continue but those requests were denied.

On July 31, 2023, the Homeowners filed suit against the Board of Supervisors of Stafford County and CCG. On August 22, 2023, WASHCO filed suit against Cary Jamison, a Stafford County Building Official, and Paul Santay, the Stafford County Chief Director of Development Services. On the same day, CCG filed suit against the Board of Supervisors of Stafford County, the BZA of Stafford County, and the Homeowners. Within the three lawsuits, CCG sought declaratory judgment for the statutory vesting of land use rights, a writ of prohibition against the BZA, an ex parte injunction/stay against the BZA, and a temporary injunction against the BZA. The BZA filed a motion to dismiss. The Board of Supervisors of Stafford County filed a demurrer and plea in bar. The adjoining property owners filed briefs in opposition to CCG's motions for an ex parte injunction/stay and temporary injunction.

---

[3] An appeal shall stay all proceedings in furtherance of the action appealed from unless the zoning administrator certifies to the board that by reason of facts stated in the certificate a stay would in his opinion cause imminent peril to life or property, in which case proceedings shall not be stayed otherwise than by a restraining order granted by the board or by a court of record, on application and on notice to the zoning administrator and for good cause shown.

On September 8, 2023, the circuit court held a hearing on the various motions and requests in the three cases. Given the overlapping issues and parties involved, and by agreement of all parties and counsel, the circuit court heard all the motions and requests together. The circuit court found that the "Zoning Administrator's failure to give notice to adjoining property owners pursuant to Stafford County Ordinance Code Sec. 28-295, [did] not render his [D]etermination void." Further, the circuit court ruled that because "the 'notice' sent by the [Z]oning [A]dministrator in July 2023 [did] not trigger any additional rights, nor any additional time for an appeal," "the [D]etermination was not appealed within the time required." The circuit court also found that "CCG ha[d] a vested right to proceed with its project with the use as a medical clinic as set forth in the [D]etermination." As a result, the circuit court granted the declaratory judgment on two grounds: (1) because the Determination was valid and "a 'thing decided'" and (2) because CCG had "a vested right to proceed with its project." The circuit court also granted CCG's motion for a writ of prohibition. The Homeowners appeal.

ANALYSIS

*Standard of Review*

"[A]n issue of statutory interpretation is a pure question of law which we review de novo." *Collelo v. Geographic Servs.*, 283 Va. 56, 66 (2012) (alteration in original) (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)). When the language of a statute is unambiguous, we are bound by the plain meaning of that language. *Id.*

    I. Whether Stafford County Ordinance § 28-295 is "authorized by Virginia Code," and whether it "create[s] additional rights for other parties not contemplated in Code § 15.2-2311"

First, the Code specifically states under what circumstances an adjoining landowner is entitled to notice of a determination; it does not authorize notices to be sent to all adjoining landowners for every request for determination. Indeed, Code § 15.2-2286(A)(4) states

> If the decision or determination by the zoning administrator could impair the ability of an adjacent property owner to satisfy the minimum storage capacity and yield requirements for a residential drinking well pursuant to § 32.1-176.4 or any regulation adopted thereunder, the zoning administrator shall provide a copy of such decision or determination to such adjacent property owner so affected.

And even under Code § 15.2-2286(A)(4), the adjoining property owner is simply entitled to a "copy of such decision or determination," rather than notice that a request for determination has been submitted, as Stafford County Ordinance § 28-295 provides. Further, it is important to note that the notice under Code § 15.2-2286(A)(4) is given to the adjoining property owner *after* the determination has been made. In other words, the determination is made by the zoning administrator based on the proposed use and the zoning ordinance irrespective of what adjoining landowners may think or feel about the proposed use.

Second, the Homeowners argue that Stafford County Ordinance § 28-295 is "authorized by Virginia Code" in Code § 15.2-2205, which states, "Any locality may give, in addition to any specific notice required by law, notice by direct mail or any other means of any planning or zoning matter it deems appropriate." The Homeowners, however, are mistaken in their interpretation. Code § 15.2-2205 provides that a locality may give additional *methods* of notice, not that the locality can give notice to additional *parties* that otherwise would not be entitled to notice. The plain language refers to the means of notice in which the locality can give. For example, in addition to the "specific notice required by law," which may be certified mail, the locality can also choose to give the recipient notice via direct mail "or other means" which could be signs, brochures, electronic notice, etc.[4] It would be illogical to expand Code § 15.2-2205

---

[4] This is further evidenced when read in the context of the preceding code section. Code § 15.2-2204(A) explains that, in some circumstances, notice by newspaper publication is sufficient, and Code § 15.2-2205 immediately follows, generally allowing localities to give notice by other means than what was stated in the previous code section.

beyond its plain language to mean that it authorizes a locality to send notice to other parties that would not otherwise be entitled to notice. If interpreted as the Homeowners suggest, Stafford County Ordinance § 28-295 would create additional rights for parties that are not contemplated in Code § 15.2-2311.

Accordingly, the circuit court did not err in its ruling that the written notices prescribed under Stafford County Ordinance § 28-295 are "not authorized by the Virginia Code" and "create[d] additional rights for other parties not contemplated in Virginia Code § 15.2-2311."

II. Whether the Zoning Administrator's failure to comply with Stafford County Ordinance § 28-295 renders the Determination void as a matter of law

The Homeowners argue that the Zoning Administrator's failure to comply with Stafford County Ordinance § 28-295 renders the Determination void as a matter of law. Stafford County Ordinance § 28-295 states in relevant part:

> (d) Upon receipt of an application for a zoning administrator determination, the department of planning and zoning shall provide written notice by certified mail to all adjoining property owners . . . .
>
> (e) At least thirty (30) days but no more than ninety (90) days shall elapse between the notification of adjacent property owners and the making of the zoning administrator determination.
>
> (f) When the determination has been made, written notice of the determination shall be provided to the applicant and to all adjoining property owners by the department of planning and zoning by certified mail . . . .

Here, although the Homeowners allege generally that "the Zoning Administrator failed to 'give notice to [them] pursuant to Stafford County Code Sec. 28-295,'" it appears that this alleged failure is due to the tardiness in notice that they received. It can be inferred that the Homeowners take issue with the fact that they did not receive notice "[u]pon receipt of an application for a zoning . . . determination" but instead received notice of the Determination over

100 days after the Determination was made. Stafford County Ordinance § 28-295. As such, we are left with the question of whether the Zoning Administrator's failure to comply with Stafford County Ordinance § 28-295 makes the Determination void as a matter of law.

The Supreme Court has stated that "a 'shall' command in a statute always means 'shall,' not 'may.'" *Bland-Henderson v. Commonwealth*, 303 Va. 212, 218 (2024) (quoting *Rickman v. Commonwealth*, 294 Va. 531, 537 (2017)). "While a 'shall' command can be described as either mandatory or directory, this technical distinction does not change the meaning of the word 'shall.'" *Id.* at 219. "Nor does this distinction change the requirement that the individual addressed obey the command." *Id.* "Instead, this distinction is simply a function of what consequence results if the command is not followed." *Id.*

"A mandatory 'shall' command 'carries with it a specific, exclusive remedy,' while a directory 'shall' command does not." *Id.* (quoting *Rickman*, 294 Va. at 537). "The nature of a particular 'shall' command—whether mandatory or directory—depends entirely on the legislature's intended meaning as discerned from 'the nature, context, and purpose' of the relevant statute." *Id.* (quoting *Huffman v. Kite*, 198 Va. 196, 202 (1956)).

In discerning the nature, context, and purpose of a relevant statute, our Supreme Court has held that "'shall' commands addressed to public officers are typically deemed to be directory instead of mandatory." *Id.* at 220. Thus, "precise compliance is not to be deemed essential to the validity of the proceedings," unless the statute says otherwise. *Nelms v. Vaughan*, 84 Va. 696, 699 (1888). "[T]his is due to the practical effect of statutes that contain 'shall' commands addressed to public officers, which often do not provide specific, exclusive remedies for the public officer's violation of the commands . . . ." *Bland-Henderson*, 303 Va. at 220.

Here, the Zoning Administrator is a public officer and there is no "specific, exclusive remed[y]" for his violation of the command in Stafford County Ordinance § 28-295. *Id.* This is

evidenced by the lack of any notice of the right to appeal to the adjoining property owners in Stafford County Ordinance § 28-295 as there is in Code § 15.2-2311(A). Further, the letter sent to CCG (the party who requested the Determination) contained notice of the right to appeal as required by Code § 15.2-2311(A), but the letter sent to the adjoining property owners simply states that any questions regarding the Determination can be directed to the Zoning Administrator. Therefore, we find that the "shall" command in Stafford County Ordinance § 28-295 is directory, and the Zoning Administrator's "precise compliance" with the ordinance is not decisive of whether his Determination was valid. *Nelms*, 84 Va. at 699.

Although the Zoning Administrator failed to comply with the requirements stated in Stafford County Ordinance § 28-295, his violation was not fatal to the ultimate Determination. Accordingly, this Court rejects the Homeowners' argument that the Determination is void as a matter of law and affirms the circuit court's ruling that the Determination was valid.[5]

III. Whether the Homeowners' BZA appeal was timely filed under Code § 15.2-2311(A)

The Code is clear that the decision of the zoning administrator shall be final and unappealable if not appealed within 30 days. It is undisputed that CCG received the Determination from the Zoning Administrator on March 9, 2023, and no appeal was filed within 30 days following receipt of the Determination. "If this mandatory appeal is not timely filed, the administrative remedy has not been exhausted and the zoning administrator's decision becomes a 'thing decided' not subject to court challenge." *Eubank v. Thomas*, 300 Va. 201, 207 (2021) (quoting *Lilly v. Caroline County*, 259 Va. 291, 296 (2000)).

---

[5] While we clearly address the Zoning Administrator's omission and its effect on this cause of action, we do not have the luxury of engaging in an academic discussion regarding what other possible repercussions, if any, could result from the Zoning Administrator's noncompliance with Stafford County Ordinance § 28-295.

The Homeowners argue that the time for appeal did not start until they received notice of the Determination. Specifically, they cite *Calway v. City of Chesapeake*, 79 Va. App. 220 (2023). In *Calway*, a property owner received a determination letter of a zoning violation but did not appeal within 30 days. *Id.* at 223. However, the notice in the determination letter "did not mention that failure to appeal would make the decision final and unappealable," which is required under Code § 15.2-2311(A). *Id.* This Court held that although more than 30 days had passed from the determination letter, the enforcement action of Calway's zoning violation was void because of the locality's failure to comply with the statutory notice. *Id.* at 225. As such, "[o]nce an enforcement action is declared void by a court, as here, any corresponding legal determinations cannot be treated as a 'thing decided.'" *Id.* at 222 (quoting *Eubank*, 300 Va. at 207).

The case at bar is distinguishable from *Calway*. Most notably, *Calway* involved the enforcement action of a zoning violation against the property owner who received defective notice under the Code. Under our facts, the adjoining property owners have no legal interest in the property subject to the Zoning Administrator's Determination. It is apparent in *Calway* that our courts will not utilize the "thing decided" doctrine if a party's legal interests are adversely affected by noncompliance with notices required by the Code. Here, however, the adjoining property owners do not have a legal interest in the property, and they were not required to receive notice under the Code. Accordingly, *Calway* does not support their argument that the time for appeal is not triggered until they receive notice. The time for appeal started on March 9, 2023, when CCG, the requester of the Determination, received the Determination which contained the statutory language informing CCG of its right to appeal. The Homeowners filed their appeal in July 2023.

Therefore, because more than 30 days had passed, this Court finds that the circuit court did not err in ruling that the Homeowners' appeal was untimely.

IV.  Whether CCG's rights had vested

On appeal, "we decide cases 'on the best and narrowest grounds available.'"  *Taylor v. Commonwealth*, 78 Va. App. 147, 157 (2023) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015)).  Given the analysis above, the Court is left with a valid Determination from the Zoning Administrator stating that the proposed use is allowed "by-right."  As such, the Determination is a "thing decided."  *See MAD Props., LLC v. County of Augusta*, 83 Va. App. 141, 167 (2024) (holding that if a landowner fails to appeal a decision of the zoning administrator within 30 days, then the decision becomes final and unappealable).  Therefore, the circuit court's ruling granting CCG's request for declaratory judgment is affirmed without the need to address whether CCG's rights had vested.

CONCLUSION

For the reasons stated above, the circuit court's rulings are affirmed.

*Affirmed.*